STEVENSON, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*May 12—June 3, 1909.*

*Courts: Inherent powers: Appointments: Necessary attendants: Determination of necessity: Discretion: Compensation of special attendants.*

1. The power to appoint necessary attendants upon the circuit court is inherent in that court in order to enable it to properly perform the duties delegated by the constitution, and is recognized by sec. 2431, Stats. (1898), as amended by ch. 224, Laws of 1903.
2. In the exercise of its inherent power to appoint necessary attendants it is for the presiding judge of the circuit court to determine the necessity. In that respect he is vested with a broad and liberal discretion.
[3. Whether the power of such judge in determining the necessity of appointment of attendants is subject to review in any case, not decided.]
4. Where it seems necessary a circuit judge may appoint a court attendant in addition to the sheriff and his deputies for such time as the necessity exists, notwithstanding the statutory authority given the sheriff to appoint special deputies under a special order of such judge authorizing an additional number of deputy sheriffs.
5. The compensation of necessary attendants appointed by the circuit judge is the *per diem* allowed deputy sheriffs for the time expended during sessions of the court, to be recovered by certification in the same manner as fees of jurors are paid.
    MARSHALL, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: GEO. W. BURNELL, Judge. *Reversed.*

The plaintiff filed with the county board two claims against the county of *Milwaukee* aggregating $749.99 for services as bailiff from August 1, 1907, to May 1, 1908, in branch 1 of the circuit court for Milwaukee county. The county board disallowed the claims and plaintiff appealed to the circuit court, and the court found as follows:

That *William Stevenson* was duly appointed by the circuit

court for Milwaukee county to serve as bailiff and attendant upon branch 1 of said court on the 29th day of March, 1907, and has since been likewise duly appointed to said position for every succeeding term of said court; that he, having duly qualified, has, since said appointment, performed the services of such bailiff and court attendant properly and faithfully and to the satisfaction of the judge of said court at all times since his original appointment; that the circuit court for Milwaukee county and the judges thereof had on March 29, 1907, and at all times since said date have had, power to appoint such court attendants to aid in the administration of justice as they might deem necessary, and that the county of *Milwaukee* was and is liable for a reasonable compensation for the services of such appointees as said court may have made; that the appointment of *William Stevenson* to said office of bailiff and court attendant and the performance by him of his duties as such court officer were not invasions of the rights or official prerogatives of the sheriff of *Milwaukee* county in the premises; that the said *Stevenson* received compensation from the county of *Milwaukee* by virtue of authority from the board of supervisors of said county for his said services as bailiff and attendant upon branch No. 1 of the circuit court for *Milwaukee* county for the first four months of his said services, to wit, from April 1 until July 31, 1907, at the rate of $1,000 per year; that said services of said *Stevenson* were and are reasonably worth the sum of $1,000 per year; that *William Stevenson* duly filed in the manner prescribed by law on April 10, 1908, a verified claim for services as bailiff as aforesaid for a period of eight months from August 1, 1907, to April 1, 1908, in the amount of $666.66, and on May 1, 1908, a further claim for his said services for the month of April, 1908, in the sum of $83.33, both of which claims were disallowed by the county board of *Milwaukee* county at a regular meeting thereof held June 2, 1908; that the two claims of *William Stevenson* for services disallowed

by the county board which formed the basis of the appeal herein were reckoned upon a basis of compensation at the rate of $1,000 per year.

And the court concluded thereon: That the county of *Milwaukee* is indebted to said *William Stevenson* for his services as bailiff and attendant upon branch No. 1 of the circuit court for *Milwaukee* county for the period beginning August 1, 1907, to and including August 1, 1908; that the two claims for services as bailiff and attendant upon branch No. 1 of the circuit court of Milwaukee county, dated, respectively, April 10, 1908, and May 1, 1908, for the amounts, respectively, $666.66 and $83.33, were lawful and proper claims against the county of *Milwaukee* and were improperly disallowed by the county board of *Milwaukee* county; that *William Stevenson* is entitled to judgment against the county of *Milwaukee* in the sum of $749.99, together with interest from June 2, 1908, at six per cent. per annum, and taxable costs herein. Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *A. C. Backus,* district attorney, and *Norman L. Baker,* assistant district attorney, and oral argument by *Mr. Baker.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

KERWIN, J. On the 30th day of March, 1907, and two days before the commencement of the April term of the circuit court for *Milwaukee* county, L. W. HALSEY, circuit judge, made the following order:

"By virtue of the authority vested in me by sec. 2431 of the Revised Statutes of Wisconsin, as judge of the circuit court of *Milwaukee* county, branch No. 1, I hereby constitute and appoint *William Stevenson* as bailiff and attendant upon branch No. 1 of the circuit court of *Milwaukee* county for and during the April term thereof.

"LAWRENCE W. HALSEY, Circuit Judge."

Similar orders of appointment for subsequent terms were made, and, as will be seen from the statement of facts, the court below allowed the plaintiff compensation at the rate of $1,000 per year for services as court attendant under the appointment. Authority to make the appointment is questioned by the appellant, *Milwaukee* county, and mainly upon the ground that the judge did not find or determine that a necessity existed for such appointment. It is claimed that, because the sheriff of the county appointed two deputies to attend on the court presided over by Judge HALSEY, no other attendant was necessary, and therefore the judge had no power to make the appointment.

We shall not enter into any extended discussion of the power of circuit judges to appoint attendants, because it seems to be well settled that the power exists in proper cases. Under the constitution of this state the judicial powers of the state in matters of law and equity are vested in a supreme court, circuit courts, and other courts provided for in that instrument. The circuit courts of this state, therefore, are created by the constitution and do not depend solely upon statute for their powers. Independent of statute such constitutional courts have inherent power to make such rules and orders as may be necessary to properly perform their functions.

"They shall also have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions." Sec. 8, art. VII, Const.

The power to appoint necessary attendants upon the court is inherent in the court in order to enable it to properly perform the duties delegated to it by the constitution. This power has been recognized by the legislature in sec. 2431, Stats. (1898), as amended by ch. 224, Laws of 1903, which reads as follows:

"The judges of the circuit court may prescribe all such rules of practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary, not inconsistent with law or the rules of practice prescribed by the justices of the supreme court. Any officer of the court or court attendant who may be appointed by the judge of any circuit court, shall have the same powers and authority in court, during each session thereof, as the sheriff of the county."

This section by necessary inference recognizes power in the circuit courts to appoint attendants, and the members of this court so held at an early day. Speaking through Chief Justice Dixon the members of this court said:

"It is a power inherent in every court of record, and especially courts of last resort, to appoint such assistants, and the court itself is to judge of the necessity. This principle is well settled and familiar, and the power so essential to the expedition and proper conducting of judicial business that it may be looked upon as very doubtful whether the court can be deprived of it. As a power judicial and not executive or legislative in its nature, and one lodged in a co-ordinate branch of the government separated and independent in its sphere of action from the other branches, it seems to be under the protection of the constitution, and therefore a power which cannot be taken from the court, and given to either the executive or legislative departments, or to any officer of either of those departments." *In re Janitor of Supreme Court,* 35 Wis. 410; *Crawford Co. v. Le Clerc,* 3 Pin. 325; *State ex rel. Gubbins v. Anson,* 132 Wis. 461, 112 N. W. 475.

Other courts have announced the same doctrine. *State ex rel. Hovey v. Noble,* 118 Ind. 350, 21 N. E. 244, 4 L. R. A. 101; *State ex rel. Douglas v. Westfall,* 85 Minn. 437, 89 N. W. 175; *In re Court Officers,* 3 Pa. Dist. Rep. 196; *Board of Comm'rs v. Stout,* 136 Ind. 53, 35 N. E. 683, 22 L. R. A. 398; *Ex parte Kellogg,* 6 Vt. 509.

As we understand the appellant's contention, the power to appoint necessary court attendants is not seriously denied, but

it is insisted that the necessity did not arise in this case. The power to determine the necessity must rest somewhere, and no place, we think, more appropriately than with the judge making the appointment, for it is for him to determine when a necessity exists in the administration of the business of his court; and it necessarily follows from the nature of the case that a broad and liberal discretion is vested in the judge respecting this power. Whether the power of the judge in determining the necessity is subject to review in any case, and, if so, in what manner and under what circumstances, we need not and do not decide, because in the case before us the record shows no abuse of power by the judge in making the appointment.

Some contention is made that the prerogative of the sheriff was infringed by the judge in appointing an attendant vested with the power of a deputy sheriff, but this by no means follows from the record. On the contrary, it appears that the presence of the sheriff in court and participation within the scope of his right to act, either by himself or his deputy, was not interfered with. We think it clear that where it seems to the judge necessary that an attendant upon the court, in addition to the sheriff and his deputies, should be appointed, it is his right to make the appointment for such time as the necessity exists.

Our attention is called to sec. 725, Stats. (1898), which makes it the duty of the sheriff to attend upon the circuit court during its session and file a list of his deputies, not exceeding three; but this provision does not deprive the judge, in case a necessity exists, of the power of appointing an attendant upon the court. When that necessity exists must be determined by the judge of the court in which the appointment is made. Subd. 3, sec. 725, Stats. (1898), provides that the sheriff shall attend upon the circuit court during its sessions and file a list of his deputies, who are to receive a per diem for attendance on court, and further that the court

may by special order authorize a greater number of deputies to attend when the court shall be engaged in the trial of any person charged with crime; and sec. 2431, Stats. (1898), as amended by ch. 224, Laws of 1903, provides that the person appointed by the judge shall have the same powers and authority in court during its session as the sheriff of the county. If the court or judge had attempted to interfere with the constitutional or statutory powers of the sheriff, a different question would be presented.

The court below allowed a recovery by the plaintiff on the basis of $1,000 per year upon the ground that this amount was reasonable pay for the plaintiff's services. Of course the general rule is well understood that where fees of an officer are fixed by statute no other compensation can be recovered. *Crawford Co. v. Iowa Co.* 2 Pin. 368; *Portage Co. v. Waupaca Co.* 15 Wis. 362; *St. Croix Co. v. Webster,* 111 Wis. 270, 87 N. W. 302; *Douglas Co. v. Sommer,* 120 Wis. 424, 98 N. W. 249. Sec. 733, Stats. (1898), provides specifically how fees for attendance required by law on any court shall be paid out of the treasury of the county "in the same manner as the fees of jurors attending such courts are to be paid." Subd. 22, sec. 731, provides that the necessary deputies shall receive for attendance on the circuit court $2 a day, to be paid out of the county treasury. It follows that the fees of necessary attendants appointed to attend upon court shall be the *per diem* allowed deputy sheriffs for the time expended during the sessions of the court. This compensation can be recovered only in the manner provided by the statutes, namely, by certification in the same manner as fees of jurors are paid. This seems to follow from the statutes and decisions of this court. Secs. 733, 2560, Stats. (1898); *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Oneida Co. v. Tibbits,* 125 Wis. 9, 102 N. W. 897; *Philler v. Waukesha Co.* 139 Wis. 211, 120 N. W. 829.

It does not appear from the record just what the certifica-

tion was, since the certificates do not appear; but the statement in the bill of exceptions must be regarded as a verity, and from this it does not appear that there was certification for all the time claimed. It appears from the record that the plaintiff was paid for all services up to July 31, 1907, and that in this action the certification only shows attendance from July 1, 1907, to January 28, 1908. Besides, the services were allowed at the rate of $1,000 per year. It may be that upon another trial the plaintiff may be able to show that his claim was properly verified for the time allowed as required by sec. 2560, Stats. (1898), and, if so, he will be entitled to recover the *per diem* allowed by statute to deputy sheriffs for attendance upon the sessions of the circuit court for such time as he attended. It follows that there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded for a new trial.

MARSHALL, J. (*dissenting*). I do not think *In re Janitor of Supreme Court,* 35 Wis. 410, 419, should cut any figure in the decision of this case. No provision was made by the written law for an attendant upon this court, so resort was had to the inherent power mentioned, the necessity being unquestionable. Neither do I think sec. 2431, Stats. (1898), as amended by ch. 224, Laws of 1903, should cut any figure, except in so far as it recognizes an inherent power of appointment to be exercised in case of necessity, considering the written law making quite remote any such event.

As to circuit courts the power of appointment of court attendants in the ordinary is in abeyance because the legislature, manifestly, has so willed. It has provided for such attendants and their compensation and manner of payment. Subd. 3, sec. 725, Stats. (1898), provides that the sheriff of each county shall attend the sessions of the court therein with his deputies to the number of not to exceed three, who shall receive a *per diem* for each attendant, and that, by special

order, the court may authorize a greater number of deputies when it shall be engaged in the trial of any person charged with a crime. Subd. 22, sec. 731, Stats. (1898), provides that a deputy, in attending court, shall receive compensation at the rate of $2 per day for each day, to be paid out of the county treasury. Sec. 733, Stats. (1898), provides that all such fees shall be paid out of the county treasury of the county wherein such service shall have been rendered in the same manner as fees of jurors attending such court are to be paid. Sec. 2560, Stats. (1898), provides that at the end of every term of a circuit court or within ten days thereafter the clerk of the court shall give to each juror a certificate of the number of days attended by him upon the court; that the juror shall receipt therefor before delivery thereof to him, and that the county treasurer shall pay the amount due to him.

Thus it will be seen, the written law amply provides for circuit court attendants, except in emergency cases of a temporary character, the appointing power being lodged in the sheriff; also amply provides for payment of such attendants at a specified amount for each day's actual attendance upon a session of court, and provides for an auditing officer, to wit, the clerk of the court, as regards the number of such days' attendance, and makes it mandatory on the county treasurer to recognize such audit by paying every holder of the required evidence of attendance $2 per day. Neither the circuit judge nor the county board has any duty whatever in respect to the matter, except, doubtless, the former should supervise the clerk in respect to performance of his duty.

Can there be any doubt but that, in view of the situation stated, the legislative idea is that the matter of court attendants and payment thereof shall be governed by the written law so far as possible. It may well be that courts are not obliged to bow to the legislative will in such matters, but they ought to in all cases where their constitutional authority is

not prejudicially interfered with. The written law does not leave any occasion for use of the court's inherent power, except in purely emergency cases, and it is manifest that no such case existed in the instance before us. When the legislature, without prejudicially trenching upon judicial power, has lodged jurisdiction over a particular matter completely elsewhere than where it has commonly been exercised, with reasonable expectation that the new instrumentality will adequately deal with such matter, though such power, if lodged in the court by the organic law, could not be prejudicially taken away, if there is no good reason why the court should not regard itself substantially superseded in such matter, it should do that, and its failure in that respect should be viewed as jurisdictional error. *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304.

The opinion of the court goes upon the ground that the appointment in question was made to meet a necessity, but it seems the conception of necessity fails to give due significance to the ample provision for court attendants in the written law, and to appreciate that there cannot well be any necessity for a judicial appointment except in case of the number of deputies competent for the sheriff to appoint being insufficient, or refusal on his part to appoint competent persons. I understand there was nothing of the kind in this case. The learned circuit judge evidently supposed that since court attendants generally are needed, that was all the necessity required to enable him to make such appointment, while, in fact, the further element of refusal or inability of the sheriff to furnish the necessary attendants was required. In my judgment, the appointment in this case, since the sheriff stood ready to furnish a proper attendant, was akin to usurpation.

I, of course, agree that, in any event, the appointee is only entitled to compensation at the rate of $2 per day. However, the opinion of the court fails to make plain that, assuming the respondent to be entitled to pay at the rate of $2 per day for

the numbers of days he actually attended sessions of the court, the county board has nothing to do with the matter. The whole proceeding of presenting the claim to such board for allowance was wrong and the reversal and remand for a new trial, as it is liable to be understood, *i. e.* that respondent can recover on such trial for such days' attendance as may be certified under sec. 2560, Stats. (1898), in my opinion is wrong. No action of this nature is necessary or proper. The county board has no jurisdiction of the subject matter, therefore the circuit court did not obtain any. The cause should be remanded with directions to dismiss with costs, but without prejudice to respondent's obtaining a certificate from the clerk of the circuit court of the number of days he actually attended upon sessions of the court, as shown by the court journals, and obtaining thereon of the county treasurer $2 for each such day. Under the decision it is the duty of such clerk to give such certificate, and *mandamus* is the remedy for refusal. Upon presentation of such certificate to the county treasurer it will be his duty to pay as aforesaid, and *mandamus* is the remedy for refusal. The written law, as we have shown, in unmistakable terms, provides for payment of court attendants in that manner and such manner is exclusive. That is the effect of *Oneida Co. v. Tibbits,* 125 Wis. 9, 102 N. W. 897, and *Philler v. Waukesha Co.* 139 Wis. 211, 120 N. W. 829, if there is any ambiguity in the matter. The county board has no more to do with the subject than it has with the payment of jurors, state witnesses, court reporter, or the judge himself.