In re A. J. ELLIS, Inc.

(District Court, D. New Jersey. April 19, 1917.)

BANKRUPTCY ⬤⟶314(1)—PARTIES ENTITLED TO PROVE CLAIMS—MORTGAGE TRUSTEE.

The trustee in a mortgage given by a corporation to secure an issue of bonds, who has foreclosed upon and sold the mortgaged property, cannot prove a claim for a deficiency against the estate of the mortgagor in bankruptcy, at least in a state where, as in New Jersey, he is not authorized to take a deficiency decree in the foreclosure suit, nor to sue for the deficiency at law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469, 471, 478, 483, 485.]

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of A. J. Ellis, Incorporated, bank-rupt. On review of order of referee. Affirmed.

Runyon & Autenreith, of Jersey City, N. J., for trustee in bank-ruptcy.

Collins & Corbin, of Jersey City, N. J., for New Jersey Title Guar-antee & Trust Co.

DAVIS, District Judge. A. J. Ellis, Incorporated, desiring "to raise money for the purpose of discharging and paying certain debts against the said corporation and its real estate, * * * incurred in its business, and to borrow money for the transaction of its business and franchises, * * * by a resolution of its board of directors authorized the making and issuing of its negotiable coupon bonds, each of the denomination of five hundred dollars ($500), numbered consecutively from 1 to 200, inclusive, * * * to the amount in the aggregate" of $100,000. On June 15, 1910, the said corporation made and issued its 200 bonds, numbered as aforesaid, and made pay-able to bearer, or to the registered holder thereof, on June 15, 1920. To secure the payment of said bonds the said A. J. Ellis, Incorporated, executed and delivered to the New Jersey Title Guarantee & Trust Company, as trustee, its mortgage on certain of its real estate and per-sonal property. Thirty-six of said bonds were paid in full and can-celed. Default was made in the payment of interest and taxes on the remaining 164 bonds, whereupon, in accordance with the terms of the mortgage, the same became due and payable, and the mortgage was foreclosed. The proceeds of the foreclosure sale were insufficient to pay the indebtedness on the bonds. The deficiency, with costs, amounted to $37,727.47. The foreclosure sale was made on Decem-ber 9, 1915. A. J. Ellis, Incorporated, was adjudicated a bankrupt on March 4, 1915, and the New Jersey Title Guarantee & Trust Company proved before the referee in bankruptcy claim for the deficiency of $37,727.47, which was disallowed by the referee. The order of the referee disallowing the claim is before the court for review.

Several objections were filed to the claim, but by agreement of coun-sel all were withdrawn, except the objection that the trustee for the bondholders is not a proper party to prove the claim in bankruptcy, and that the claims on the individual bonds, aggregating the said de-ficiency, must be proved by the individual bondholders. The trustee, on the other hand, maintains that it has authority, as agent of the bondholders, to prove the claim of deficiency for them.

The trustee is the proper person to prove the claim for deficiency, counsel say, because: 1. The mortgage creating the trusteeship con-tains a covenant that the mortgagor will pay all of the bonds when they become due. This is a covenant between the mortgagor and the trustee. 2. No one bondholder could enforce collection of the amount due on his bond, because (1) recourse was primarily against the mort-gaged security, which had to be taken by the trustee; (2) because a single bondholder could not collect the entire debt and could not col-lect the amount due on his bond without proceeding to collect on the other bonds. 3. The trustee was "the holder of the whole bonded

debt." 4. The mortgagor promised to pay the bonds at the office of the trustee.

It is true that the mortgagor promised to pay all the bonds when they became due; but, so far as the trustee is concerned, it made no provision for paying them, except with the mortgage security. Counsel is in error in the contention that the trustee is the holder of the whole bonded debt due from the bankrupt to the bondholders. It had been made, by the mortgage, holder of certain securities for the benefit of the whole bonded debt. The trustee had the authority, and exercised it, by realizing, by foreclosure, upon the mortgage security for the benefit of all the bondholders pro rata. In that, the trustee acted for all the bondholders. The only relation which, in any way, ties the trustee either to the mortgagor or the bondholders is the property covered by the mortgage. All the property of A. J. Ellis, Incorporated, was, in general, subject to prior claims, responsible for the payment of the bonds. Certain of its property, however, was specifically set apart to secure the payment of these bonds, and this property was vested in the trustee for this purpose alone. The relation of the mortgagor and of the bondholders to the trustee began and ended with that security; and when the trustee sold the mortgage security and applied the proceeds thereof to the payment of the bonds, it exhausted its authority. The fact that the mortgagor promised to pay the bonds at the office of the trustee has no significance. Any other place might have been designated.

A careful reading of the trust mortgage will reveal that the authority of the trustee was confined to the mortgage security. Even if such were not the case, and the mortgage had conferred upon the trustee the naked authority to prove a claim for any deficiency, or to institute a suit at law therefor, the trustee could not have done so, for it is not the holder of the bonds nor are the bonds payable to it. "Who may maintain a suit is a matter of law, not subject to control by the private conventions of parties." The trustee might have a stronger case, if the decree in the foreclosure proceedings might have been rendered for the full amount of the debt which it secured, as may be done in Minnesota and in some other states. In New Jersey, a separate suit at law upon the bond is necessary to secure judgment for deficiency in the foreclosure of mortgages.

"That in all proceedings to foreclose mortgages hereafter commenced, no decree shall be rendered therein for any balance of money which may be due complainant over and above proceeds of the sale or sales of the mortgaged property, and no execution shall issue for the collection of such balance under such foreclosure proceedings."

"That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

Sections 47 and 48, Comp. Stat. N. J., vol. 3, pp. 3420, 3421.

The cause of action arising out of the bonds in this case was not merged in the deficiency decree. The trustee could not prosecute a separate action at law upon the bonds in order to secure a deficiency judgment; neither can it prove this deficiency claim, which, however, need not be reduced to judgment in order to be proved. In re McAusland (D. C.) 235 Fed. 173. There is some authority in apparent conflict with the conclusion herein reached (Grant v. Winona, etc., S. W. R. R. Co., 85 Minn. 422, 89 N. W. 60; Laing v. Queen City Ry. Co. [Tex. Civ. App.] 49 S. W. 136), yet the decisions in those cases are explained in part, at least, by the provisions contained in the mortgage and the provisions of the statute in those jurisdictions. A deficiency decree in those jurisdictions may be entered in the foreclosure proceedings. The following cases seem to justify the above conclusion:

Hybart v. Parker, Common Bench Reports (N. S.) 209 (1858). The defendant and others in this case were adventurers and shareholders in a company formed upon the cost-book principle for working certain mines. On page 212, the court said:

"There being a difficulty in enforcing the payment of calls by the shareholders in cost-book mines, the adventurers, in order to get rid of that difficulty, agree amongst themselves that the amount of calls due from any one of them shall be considered as a debt due to the purser, who shall have power to sue for it, thus violating the law in two respects: First, by agreeing that one of the partners may sue his copartner; secondly, by agreeing that an action shall be brought upon a contract by one who is no party to it, and between whom and the person sued there is no privity. They might as well agree that no pleas shall be pleaded except payment. This is neither more nor less than the case of an action brought for a debt due to the company by a person who is a mere servant of the company, and who has no connection whatever with the cause of action in respect of which he is suing."

Evans v. Hooper, Queen's Bench Division, 45 (1875). In this case, on page 48, the court said:

"The declaration states a policy of insurance, in which the defendant is the person insured, and the British Marine Insurance Association are the insurers and underwriters. The policy was signed on their behalf by their manager, and there is a rule which professes to authorize the manager to sue the person insured for contribution in case of deficiency of funds. If the matter stopped there, that would amount simply to an attempt by an unincorporated company to authorize their manager to sue on their account. Such an agreement to authorize an agent to sue on behalf of the partnership is a contract that the law does not recognize."

Gray et al. v. Pearson, Law Reports, 5 Common Pleas, 568. The court in this case, on page 574, said:

"I am of the opinion that this action cannot be maintained, and for the simple reason—a reason not applicable merely to the procedure of this country, but one affecting all sound procedure—that the proper person to bring an action is the person whose right has been violated. * * * The plaintiffs are bare agents, who, in making the payments they did, were not bound to go beyond the funds of the association. They disbursed no money of their own, or, if they did so, it was not by the authority of the defendant. They were simply agents for the persons whose rights are alleged to have been violated; that is to say, of all the other members of the association except the defendant, or of the persons to whom the payments in respect of which they sued should have been made. It is, in effect, an attempt to substitute a person as nominal plaintiff in lieu of the persons whose rights have been violated."

On page 576 the court further said:

"This is an action brought by the plaintiff to recover contributions or calls due not to them, but a body which they in the capacity of managers represent. There is no privity between the plaintiffs and the defendant. The contract is between the defendant and the other members of the association. The power of attorney—assuming that the plaintiffs are properly substituted for John Gray—enables them to sue not in their own name but in 'the several and respective names' of the members of the association. This is an attempt to do that which has been frequently but fruitlessly attempted before, viz. to get rid of the difficulty of a large number of persons suing in their own names, to appoint a public officer without obtaining an act of Parliament or a charter of incorporation."

In the case of Knorr v. Bates et al., 14 Misc. Rep. 501, 503, 35 N. Y. Supp. 1060, 1062, the court said:

"Who shall be defendant in an action the law prescribes, and it is not competent to parties, by private convention, to supersede the legal provision."

In the case of Mackay v. Randolph Macon Coal Co. et al., 178 Fed. 881, 102 C. C. A. 115, the mortgage was foreclosed by the trustee, and there was a deficiency of $2,236,566.32, and a decree for that amount was entered in the foreclosure proceedings. The trustee proved the claim for this deficiency for the bondholders in bankruptcy. The bondholders, "being apprehensive that the trustee under the mortgage might not be a 'creditor,' * * * made due proof of the same before the referee, and asked that they be allowed as claims against the estate. The referee, being of the opinion that the bonds had been merged in the deficiency judgment, disallowed the claims, and his ruling was affirmed on appeal to the District Court. The bondholders seek a review of that action." The Circuit Court of Appeals for the Eighth Circuit said:

"It is manifest that the appeal turns mainly upon the question whether the cause of action arising out of the bonds was merged in the deficiency decree. * * * In the present case the trustee under the mortgage is neither the holder nor the payee of the bonds. It clearly could not have maintained an action at law for their collection. We are aware that the fifteenth article of the mortgage authorizes the trustee to collect and recover the principal and interest of the bonds for the owners and holders thereof. This may have reference to their collection by the enforcement of the security. If that is not its meaning, we are of the opinion that it could not confer upon the trustee the right to maintain an independent action upon the bonds. Who may maintain a suit is a matter of law, not subject to be controlled by the private conventions of parties. * * * Parties to a contract cannot confer upon a third party the naked right to sue thereon. Suits, whether under chancery or code practice, must be brought in the name of the real party in interest. The only exceptions to that rule here important are these: (1) The trustee of an express trust may maintain an action in his own name on behalf of the beneficiary. To come within this exception, however, the trustee must be the holder of the property or obligation out of which the action arises. Here, as already pointed out, the trustee under the mortgage is not the holder of the bonds. (2) A person with whom or in whose name a contract is made for the benefit of another may maintain an action upon the contract. The trustee under the mortgage comes within this exception as to the security, but not as to the bonds, for they are not payable to the trustee. The deficiency decree, therefore, must be referred to the covenant in the mortgage, and, like the mortgage itself, is collateral to the bonds, and constitutes no bar to an action thereon. The debt underlying both is the same, but the promises are distinct and give rise to separate causes of action."

In the case at bar it is maintained on behalf of claimant that in the trust mortgage itself "there is clear implication of agency, broad enough to warrant the proof that was filed" by claimant. The mortgage did not and could not give the trustee authority to prove the claim for deficiency.

The order of the referee disallowing the claim is affirmed, and the petition dismissed.