In re A. J. ELLIS, Inc. NEW JERSEY TITLE GUARANTEE & TRUST CO. v. McBURNEY. McBURNEY v. SLOANE et al.

(Circuit Court of Appeals, Third Circuit. August 8, 1918.)

Nos. 2288, 2349.

1. BANKRUPTCY ⊂⊃331—CLAIM BY TRUSTEE FOR BONDHOLDERS—TERMINATION.
Where the formal legal right of a trustee for bondholders to use its own name while collecting the money for the bondholders from a bank-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rupt estate was disputed, the bondholders, if it had such right, were not required to file individual claims, and might safely wait until the trustee's right was finally decided.

2. BANKRUPTCY ⊙⟶336—PARTIES ENTITLED TO PROVE CLAIMS—BONDHOLDERS UNDER DEED OF TRUST.

Where the trustee for bondholders under a deed of trust filed a claim in bankruptcy for a deficiency judgment, stating that it was acting for the bondholders, though its right to do· so was in dispute, the District Court had power to allow an amendment, filed by the holders of outstanding bonds, ratifying the action of their trustee and making the claim a direct claim by the bondholders.

3. BANKRUPTCY ⊙⟶331—STATE STATUTE.

The lis pendens provision of section 51 of the Mortgage Act of New Jersey does not apply in a case where a mortgage has been foreclosed after bankruptcy.

Appeal from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

In the matter of A. J. Ellis, Incorporated, bankrupt. From the referee's disallowance of the deficiency claim of the New Jersey Title Guarantee & Trust Company, trustee for bondholders, opposed by E.· L. McBurney, trustee, affirmed by the District Court (242 Fed. 156), the Trust Company appeals; and from an order of the District Court allowing William J. Sloane and another to amend the proof as to the claim, the trustee appeals. Appeal by the Trust Company dismissed, and order appealed·from by the trustee affirmed.

Gilbert Collins, of Jersey City, N. J., for claimants.

Walter L. McDermott and Runyon & Autenreith, all of Jersey City, N. J., for trustee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. These appeals have to do with successive phases of the same controversy. The undisputed facts are as follows:

In June, 1910, the bankrupt, A. J. Ellis, Incorporated, executed 200 bonds, each for $500, to the New Jersey Title Guarantee & Trust Company as trustee for the future holders. The bonds were 10-year 6 per cent. obligations, interest and principal payable at the trustee's office in Jersey City, and were secured by a mortgage on real and personal property. If certain specified defaults should occur, the trustee was bound to foreclose if two-thirds of the bonds should so request. Default did occur, the request was made, and in May, 1915, the company filed a foreclosure bill in the state chancery. At this time the bankruptcy proceeding was in progress—the adjudication had been entered in March—and McBurney, the trustee in bankruptcy, was made one of the defendants in the bill by permission of the District Court. There was no defense, and in October all the mortgaged property was sold for $50,000. As the decree had been for more than $86,-000, with interest, and as certain costs and fees had also accrued, the

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

result was that the sale left nearly $38,000 of the mortgage debt unpaid. A deed for the property was made in December, 1915, and a month later the trust company on behalf of the bondholders filed a claim in bankruptcy for the deficiency. McBurney objected, and in October the referee disallowed the claim, his disallowance being affirmed by the District Court on April 27, 1917, 242 Fed. 156. From this order the first appeal now before us was taken by the trust company.

The claim was rejected on the ground that it should have been made by the bondholders themselves and in their own names, and accordingly on April 30 a petition to amend the claim was filed by William J. Sloane and Babette Mohler, who held all the outstanding bonds, except 8; these being unrepresented in the proceedings, both below and in this court. The petitioners averred inter alia that after the foreclosure sale a deficiency of $230.04 existed on each bond, and that they had requested and instructed the trust company to act as their agent to prove their claim against the bankrupt estate for such deficiency, that the company had proved on behalf of all the bondholders, and that the petitioners had ratified and did ratify whatever the company had done as their agent, praying leave to amend the proof so as to make it a direct claim by William J. Sloane and Mrs. Mohler upon the bonds held by them respectively. The District Court allowed the amendment, and the second appeal is from this order. The opinion below, which has not been reported, is as follows:

"The bankrupt in the above-stated cause in order 'to raise money for the purpose of discharging and paying certain debts against the said corporation,' etc., issued its bonds and secured payment of the same by executing and delivering to the New Jersey Title Guarantee & Trust Company, as trustee, a mortgage upon certain of its real estate and personal property to secure the payment of said bonds. Default was made in the payment of interest and taxes on certain of the bonds, whereupon in accordance with the terms of the mortgage the same became due and payable and the mortgage was foreclosed. The proceeds of the foreclosure sale were insufficient to pay the indebtedness on the bonds. The petitioners were holders of certain of said bonds and were cestuis que trust under the said mortgage. The trustee under the mortgage, acting for and in behalf of the petitioners, filed proof of claim with the referee in bankruptcy for the amount of the deficiency of said bonds in the foreclosure proceedings. It was held by this court (242 Fed. 156) that the trustee was not the proper person to prove the claim for said deficiency, in an opinion filed April 19, 1917. More than one year had elapsed between the adjudication and the filing of said opinion. The bondholders filed their petition May 16, 1917, ratifying 'what was done in their behalf by the New Jersey Title Guarantee & Trust Company in presenting such proof of claim, and praying that it may amend so far as your petitioners are interested therein by making it a claim in favor of your petitioners.' The referee refused to allow the amendment and the order of the referee is before this court for review. The referee found 'that the trustee in bankruptcy was well aware of the character and existence of the petitioners' claims and that the principal and interest represented by the one hundred sixty-four (164) bonds was a valid claim against the bankrupt estate without taint of any fraud.' There is no question that 'everybody interested in the estate was informed of the exact status of the claim' of the petitioners. The proof of claims filed 'put upon the record all the facts necessary to establish a bona fide indebtedness and the circumstances under which it was incurred.' All parties interested were advised of the claims of the petitioners within the year following the adjudication. There is no dispute that the amount claimed is justly owing from the bankrupt. One of the

chief objects of the law regulating the administration of estates in bankruptcy is to secure a fair division thereof among creditors and if the litigation of the right of the trustee to file proof of claim for the bondholders was a litigation within the meaning of section 57 of the Bankruptcy Act of 1898, the petitioners should be allowed to amend the proof of claim as prayed. Under the facts of this case, it seems to me that the litigation over the right of the trustee to file proof of claim for the bondholders was a litigation within the meaning of the above section, and that in accordance with the principle set forth in the case of In re Standard Telephone & Electric Co. (D. C.) 186 Fed. 586, and the cases cited therein, the amendment should be allowed.

"The referee further refused to allow the amendment because of the failure of the petitioners to file a lis pendens in accordance with the provisions of section 51 of the Mortgage Act of the Compiled Statutes of New Jersey, vol. 3, page 3423. I am satisfied that the said provision is inapplicable in this case and the objection on that ground without merit. In re McAusland, 235 Fed. 173. The order, therefore, will be set aside and the amendment allowed."

[1, 2] We need not consider the question raised by the first appeal. The only bondholders on this record are the two just named, and if they were properly allowed to adopt the trust company's claim already on file the company's appeal becomes academic. We think Judge Davis was right in allowing the amendment. The claim set forth all the facts with particularity, and expressly stated that the company was acting for the bondholders. Every one knew the facts and was aware that the company did not own the bonds and could not benefit by the balance still due on the mortgage debt. Whether it had a formal legal right to use its own name while collecting the money for the bondholders was a matter of dispute; if it had, the bondholders did not need to file individual claims, and we see no reason why they might not safely wait until that question should be finally decided. In re Standard Co. (D. C.) 186 Fed. 586. Instead of waiting, however, the bondholders assumed that the company might be wrong, and (pending the final decision) took steps to amend the claim, thus acquiring the second string for their bow. Save in the disputed point, the company's proof was complete; the objection made to it was wholly based on a rule of procedure, and had no support in the merits, for the balance was undoubtedly due to the bondholders, and the company had authority to make the claim as agent. The only mistake (if mistake it were) consisted in failing to set forth positively that the real creditors were themselves asserting their conceded right, and that the company was merely an agent. The equities are plainly with the bondholders, and fortunately we see no reason to doubt the court's power to afford relief. If the question were before the New Jersey Court of Errors and Appeals, it seems clear that the substitution of one plaintiff for another would be allowed (Farrier v. Schroeder, 40 N. J. Law, 601), and we do not think the equitable power of a court of bankruptcy is more restricted. See, also, In re Roeber (C. C. A. 2) 127 Fed. 122, 62 C. C. A. 122, and In re McCarthy Co. (D. C. N. J.) 205 Fed. 986. In a word, the proof as originally filed was expressly on behalf of the bondholders and asserted their rights. It may be that the company had taken too much on itself—upon that point we intimate no opinion—but in any event, as the step had been taken in good faith, and as all the facts had

been clearly and seasonably stated, we think the District Court was right in allowing the real parties in interest to take the company's place on the record.

[3] We agree also that the lis pendens provision of the New Jersey statute (3 Comp. St. 1910, p. 3423, § 51) does not apply in a case like the present, where a mortgage has been foreclosed after the bankruptcy. In re McAusland (D. C. N. J.) 235 Fed. 188, 189.

In No. 2349 the order appealed from is affirmed, and in No. 2288 the appeal is dismissed.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied July 3, 1918.