# Hogarty, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Interstate commerce—Injuries to employees—Act of Congress of April 22, 1908, 35 Stat. 65, Chap. 149.*

1. The Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, Chap. 149, supersedes the laws of the states upon all matters within its scope, and so long as it remains upon the statute books, in cases involving accidents happening upon interstate railroads, to employees engaged in interstate commerce, such state laws must be viewed as non-existent.

2. The Federal Employers' Liability Act must be treated by the State courts in each instance, as though an act of their own legislature, and its provision that any contract, rule, regulation, or device whatsoever, the purpose of which is to enable a common carrier to exempt itself from liability for negligence to its employees, "shall to that extent be void" is the announcement of a broad rule of public policy applicable to all cases within the scope

of the statute, with like effect as though promulgated by an Act of the State legislature.

*Pleading—Statements of claim—Allegata and probata—Injuries to employees employed in interstate commerce—Federal Employers' Liability Act—Necessity to plead statutes.*

3. Where a plaintiff does not expressly plead the statute, but proves a case under the Federal Employers' Liability Act of April 22, 1908, there is no such departure between the allegata and the probata, as will entitle the defendant to binding instructions in his favor. Allen v. Tuscarora Val. Ry. Co., 229 Pa. 97, distinguished.

*Negligence—Railroads—Injuries to employees—Defenses—Acceptance of benefits—Case for jury.*

4. In an action of trespass against a railroad company to recover damages for personal injuries sustained by plaintiff, an employee of defendant's engaged in interstate commerce, in consequence of the alleged negligent construction and maintenance of defendant's railroad, where there was sufficient evidence of negligence to carry the case to the jury and where it appeared that plaintiff had accepted benefits as a member of defendant's relief association, the Federal Employers' Liability Act of April 22, 1908, applied and precluded the defense that the acceptance of benefits released defendant from liability and it was error to withdraw the case from the jury.

Argued March 30, 1914.  Appeal, No. 92, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1911, No. 1636, on directed verdict for defendant in case of William J. Hogarty v. Philadelphia and Reading Railway Company.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Trespass to recover damages for personal injuries Before RALSTON, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court, and judgment thereon.  Plaintiff appealed.

*Error assigned* was in directing a verdict for the defendant.

*Ira J. Williams,* of *Simpson, Brown & Williams,* for appellants.—As it is admitted that the injuries occurred while plaintiff and defendant were engaged in interstate commerce, the defense that plaintiff had accepted benefits as a member of defendant's relief association is rendered unavailable by the Act of Congress of April 22, 1908, 35 Stat. 65, Chap. 149: No. Carolina R. R. Co. v. Zachary, U. S. Sup. Ct. Adv. Sheets, March 1, 1914, page 305.

*Wm. Clarke Mason,* for appellee, cited: Mondou v. Railroad Company, 223 U. S. 1; St. Louis, &c., Ry. Co. v. Seale, 229 U. S. 156; North Carolina R. Co. v. Zachary, 34 Supreme Ct. Repr. 305; Allen v. Railroad Co., 229 Pa. 97; Union Pacific Ry. Co. v. Wyler, 158 U. S. 285; Johnson v. Railroad Co., 163 Pa. 127; Ringle v. Railroad Co., 164 Pa. 529; Reese v. Railroad Co., 229 Pa. 340.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1914:

On February 1, 1910, William J. Hogarty, an employee of the Philadelphia & Reading Railway Company, while working on a freight train, met with an accident which caused him to lose his right arm. The plaintiff charged in his declaration that the casualty was due to the negligent construction and maintenance of the defendant's road. The trial court first gave binding instructions for the defendant, and then entered judgment in its favor; the plaintiff has appealed.

The uncontradicted evidence was sufficient to go to the jury on all the issues usually involved in a case of this character; but the defendant proved that the plaintiff had accepted benefits as a member of its relief association, and contended that this was a bar to his recovery; citing Reese v. Railroad Co., 229 Pa. 340, and other cases. The plaintiff rejoined by formally calling attention to the Act of Congress of April 22, 1908 (35 Stat. 65, Chap. 149), which, inter alia, forbids the de-

fense in question in cases arising from accidents happening to employees of railroads while engaged in interstate commerce; and it was formally agreed at the trial that this accident happened in the course of, and while the plaintiff and defendant were both "engaged in interstate commerce." To the position thus taken, the defendant replied: (1) That the suit had been brought at common law, and, therefore, the Federal statute had no application; (2) That if this contention was not correct, then, the plaintiff having pleaded at common law and proved a case under the Federal statute, there was a fatal departure between the allegata and the probata. Finally, the plaintiff contends that if he should have formally pleaded the Federal statute, he is entitled to amend accordingly. Properly to adjudge the merits of these various contentions requires the consideration of several recent United States Supreme Court decisions and at least one of our own cases.

In Second Employers' Liability Cases, Mondou v. R. R. Co., 223 U. S. 1, the court disposed of four different appeals, and determined many general points, among others (1) That "The United States is not a foreign sovereignty as regards the several states, but is a concurrent and, within its jurisdiction a paramount sovereign"; (2) "Until Congress acted on the subject, the laws of the several states determined the liability of interstate carriers for injuries to their employees while engaged in interstate commerce, but Congress having acted, its action supersedes that of the states, so far as it covers the same subject"; (3) "When Congress, in the exertion of a power confided to it by the Constitution, adopts an act, it speaks for all the people and all the states, and thereby establishes a policy for all, and the courts of a state cannot refuse to enforce the act on the ground that it is not in harmony with the policy of the state......or on the grounds of inconvenience or confusion." The case we are discussing involved the same Federal statute which is now before us; and it expressly

supports the constitutionality of the very provision whose protection the present plaintiff claimed in order to meet the defense here interposed. Supplementing what we have already quoted, the United States Supreme Court held that for the purposes of this act Congress had made a valid classification of railroads engaged in interstate commerce, that the provisions of the statute "supersede the laws of the State in so far as the latter cover the same field," that this piece of national legislation must be heeded by all courts, that in its enforcement by state courts the act in question is "not to be treated as a foreign statute" but as one "establishing a policy for all," and, finally, that the policy thus established is "as much the policy of Connecticut (the state from which the appeal was taken) as if the act emanated from its own legislature." Three of the suits there under review were commenced in United States Circuit Courts and one in a State Court, and in each instance the Federal statute was formally pleaded in the plaintiff's declaration; but we cite the case for the broad general principles laid down, which have since been followed and applied by the Supreme Court in reviewing other cases of like character instituted in State courts and brought at common law.

St. Louis, I. M. & S. R. Co. v. Hesterly, 228 U. S. 702, was commenced in a state court, and recovery was had by the personal representative of a deceased employee, which included an item not allowed by the Federal statute. The statute was not formally pleaded; and so far as the report shows there was nothing in the plaintiff's declaration to indicate that her decedent was engaged in interstate commerce at the time of the accident. The defendant contended that the Act of Congress controlled; but the trial court held that it did not apply, and the Supreme Court of the State subsequently decided that the Federal statute was "only supplementary and the judgment could be upheld under the State law." The United States Supreme Court reversed,

citing Second Employers' Liability Cases, supra. In St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, the action was by the widow and parents of a railroad employee killed in interstate service; it was brought in a state court and the Federal statute was not pleaded, nor did the plaintiff's statement of claim indicate that the deceased was engaged in interstate commerce at the time of his injury. The defendant urged that the Act of Congress applied and thereunder the personal representative of the deceased was the only one entitled to sue; but its contention was not sustained. On appeal, the United States Supreme Court reversed, "without prejudice to such rights as the personal representative of the deceased may have" under the Federal statute. In North Carolina Railroad v. Zachary, U. S. Ct. Adv. Sheets, March 1, 1914, 305, the suit was by the personal representative of a decedent killed while employed upon the defendant road. The action was instituted in a state court; the Act of Congress was not pleaded, and the plaintiff's declaration did not indicate that the deceased was engaged in interstate service. The defendant set up, "as a special defense," that "at the time plaintiff's intestate was killed he was engaged in interstate commerce, and that the liability of the defendant......was fixed and regulated by the Federal Employers' Liability Act." In refusing a nonsuit, the trial court held that "the action was brought under the statute of North Carolina, that the Federal Act had no application, and that the cause was triable under the statutes of the state." In reversing, the United States Supreme Court ruled that, "The Federal Act governed to the exclusion of the statutes of the State"; citing, Second Employers' Liability Cases, supra.

In Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, the plaintiff, in her individual capacity, commenced an action in a Circuit Court of the United States to recover damages for the death of a son killed in the employ of the defendant company. The case was in the United

States Court by reason of diverse citizenship; and the Federal statute was not pleaded. The defendant contended in its answer that the cause of action was "not governed by the laws of Kansas," but by the Federal Employers' Liability Act; whereupon the plaintiff asked to amend and plead the statute. The defendant objected on the ground that the period of limitation had run since the cause of action accrued; but the court allowed the amendment. The case proceeded to trial, and judgment was entered for the plaintiff. In affirming, the United States Supreme Court said: "It is contended that the plaintiff's original petition failed to state a cause of action, because she sued in her individual capacity and based her right of recovery upon the Kansas statute, whereas her action could legally rest only upon the Federal Employers' Liability Act of 1908, which requires the action to be brought in the name of the personal representative of the deceased; that the plaintiff's amended petition......alleged an entirely new and distinct cause of action, and that such an amendment could not legally be allowed so as to relate back to the commencement of the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years." The opinion proceeds: "It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the Act of Congress; but the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that, with respect to the responsibility of interstate carriers by railroads,......it had the effect of superseding state laws upon the subject.......Therefore, the pleader was not required to refer to the Federal Act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done." The court then held that the amendment was not "equivalent to the commencement of a new action," subject to "the two years' limitation"; and in so doing it expressly distin-

guished the case of Union Pacific Ry. Co. v. Wyler, 158
U. S. 285, cited by the present defendant, stating in con-
clusion, "Since,.......the Federal statute did not need
to be pleaded, and the amended petition set up no new
facts as the ground of action, the decision in the Wyler
case is not controlling." (Also see, Philadelphia, B. &
W. Rd. Co. v. Schubert, 224 U. S. 603.)

The last reported case touching upon the subject be-
fore us is Taylor v. Taylor, U. S. Sup. Ct. Adv. Opinions,
1913, p. 350, 351, (Issue of March 15, 1914) ; which
decides that the proceeds of a judgment recovered in a
state court, by an administratrix, in a personal injury
case, within the Act of Congress, must be distributed
under the Federal law and not under the law of the
state where the accident happened and the decedent re-
sided. Most of the recent Federal cases are reviewed in
the course of this opinion, the court stating, in connec-
tion with Second Emp. cases, supra, that the statute and
its amendments "having been enacted......state laws
must give away to them; they established the policy for
all......and the courts of a state cannot refuse to en-
force them on the ground that they are not in harmony
with the policy of the state. Congress having acted
......the laws of the states, in so far as they cover the
same field, are superseded; for necessarily that which
is not supreme must yield to that which is." Later, in
discussing Missouri, K. & T. Ry. Co. v. Wulf, supra, it
is said, "Notwithstanding the original petition asserted
a cause of action......without making reference to the
Act of Congress, the court was presumed to be cogni-
zant of the Federal enactment, and to know that, with
respect to the responsibility of interstate carriers by
railroads to their employees injured in such commerce
after its enactment, it had the effect of superseding state
laws upon the subject."

These United States decisions establish that this
broad, general Act of Congress supersedes the laws of
the states upon all matters within its scope; and that, so

long as it remains upon the books, in cases involving accidents happening upon interstate railroads, to employees engaged in interstate commerce, such state laws must be viewed as though nonexistent. This is the key to the whole situation; and it readily explains the Wulf decision, and makes clear its applicability to the present case. In allowing the plaintiff in that case to proceed as though the Federal statute had been originally pleaded, there was no departure "from law to law," as in the Wyler Case; for where in a particular class of cases but one law exists and can by any possibility apply, ex necessitate, there can be no departure "from law to law." This principle also distinguishes our own case of Allen v. Tuscarora Val. Ry. Co., 229 Pa. 97, relied upon by the defendant.

In the Allen Case the statute was not of the character of the one at bar, which ordains broad, general rules of public policy, and within its field not only supersedes the common law but all relevant state enactments; on the contrary, the statutory provision there relied upon ordered a minute regulation, to wit, that a certain kind of mechanical contrivance, or coupler, be used upon all cars engaged in interstate commerce. The plaintiff in that case first declared upon a liability arising from common law negligence, and then, after the statute of limitations had run, he desired to amend by pleading the Act of Congress, so that he might prove a breach of this specific regulation, as a substantive part of his case in chief. We determined that this could not be done, as the amendment would present not only a departure from "law to law" but from "fact to fact"; and our decision was based largely upon the Wyler Case, which is distinguished in the Wulf Case. But in the present instance the plaintiff simply relied upon the relevant general principles, or rules of law, whatever their source, applicable to the whole class of cases to which his cause belonged; and, as we have already pointed out, since those established by the Federal statute cover the field

and apply to the exclusion of ordinary State common
law rules and statutory provisions, there could be no de-
parture from "law to law." Further, in order to support
the plaintiff's case in chief, he did not depend upon or
desire to plead any statutory regulation requiring the
proof of a certain defined condition of fact; hence, there
was no departure from "fact to fact," as in Allen v. Tus-
carora Ry Co., supra.

The federal statute was not brought into the case at
bar until a special defense was entered upon, and then the
plaintiff promptly drew attention to its express prohi-
bition of all defenses of the character of the one offered;
just as in the ordinary industrial accident case, although
not formally pleaded, a plaintiff may claim the benefit
of any particular provision in our Fellow Servant Act
of June 10, 1907, P. L. 523, or our Factory Act of May
2, 1905, P. L. 352, if the circumstances call for it. True,
the law depended upon at bar happened to be a Federal
statute, but since the Supreme Court of the United
States has decided that this statute must be treated by
State Courts, in each instance, as though an act of their
own legislature, for all practical purposes it is a Penn-
sylvania statute, in the same category as the two acts to
which we refer; and its provision that "any contract,
rule, regulation, or devise whatsoever" the purpose of
which is to enable a common carrier to exempt itself
from liability for negligence to its employees, "shall to
that extent be void," is the announcement of a broad rule
of public policy applicable to all cases within the scope
of the statute, with like effect as though promulgated by
one of our acts.

The question before us has been made strictly a Fed-
eral one, by the Act of Congress and the relevant United
States Supreme Court decisions; and thereunder, when
we consider that the plaintiff's case in chief did not de-
pend upon any specific and peculiar statutory regula-
tion, such as in the Allen Case, that he is a person bound
by and entitled to all the benefits of the Federal statute,

that his declaration is entirely consistent with an action under that statute, and that the law thereby established is the only law that could by any possibility apply to his cause, it becomes plain that he could rely upon the provision of the Act of Congress forbidding the defense here interposed.   Moreover, from the authorities cited, it is clear that he was entitled to this as a matter of substance, and if by reason of any technical rule of practice he should have mentioned the statute in his declaration, he was entitled to amend.

In this particular instance, it is evident that no one can suffer any real harm, or plead surprise, even in the strict legal sense of that term, if the case is treated as though expressly brought under the Act of 1908, supra; for the defendant is an interstate road, and it admitted at trial that the plaintiff was an employee engaged in interstate commerce at the time of the accident, so we may fairly assume that it had this knowledge from the first.

The learned court below erred in giving binding instructions for the defendant; the assignments are sustained and the judgment is reversed with a venire facias de novo.