CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* DEVINE, ADMINISTRATOR OF MASON.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 391.  Motion to dismiss or affirm submitted October 25, 1915.—
Decided November 8, 1915.

In a suit in the state court under the Employers' Liability Act, defendant's contentions that plaintiff's intestate was not engaged in interstate commerce and that a state statute limiting amount of recovery controlled involve Federal questions, and, unless wholly frivolous, this court has jurisdiction.

In this case, however, as both of the propositions are so wanting in sub-

stance as not to require further argument, the judgment is affirmed under Rule 6, paragraph 5.

Previous decisions of this court have conclusively established the exclusive operation of the Employers'-Liability Act over the subject with which it deals to the exclusion of all state statutes relating thereto.

266 Illinois, 248, affirmed.

THE facts, which involve the jurisdiction of this court to review a judgment of the state court on writ of error under § 237, Jud. Code, and the disposition of such writ when frivolous under Rule 6, par. 5, are stated in the opinion.

*Mr. James C. McShane* for defendant in error in support of motion to dismiss or affirm.

*Mr. Thomas P. Littlepage* and *Mr. M. L. Bell* for plaintiff in error in opposition to the motion cited:

*Behrens* v. *Ill. Cent. R. R.,* 192 Fed. Rep. 582; *Cent. Vermont Ry.* v. *White,* 238 U. S. 507; *Chambers* v. *Balt. & Ohio R. R.,* 207 U. S. 142; *Haire* v. *Rice,* 204 U. S. 291; *Home for Incurables* v. *New York,* 187 U. S. 155; *Land Co.* v. *San Jose Ranch Co.,* 189 U. S. 177; *Mo. Pac. Ry.* v. *Castle,* 224 U. S. 541; *Nor. Car. R. R.* v. *Zachary,* 232 U. S. 248; *Seaboard Air Line* v. *Horton,* 233 U. S. 492; *Seaboard Air Line* v. *Padgett,* 236 U. S. 668; *Second Employers' Liability Cases,* 223 U. S. 1; *So. Pac.* v. *Schuyler,* 227 U. S. 601; *St. L. & Iron Mtn. R. R.* v. *McWhirter,* 229 U. S. 265; *St. L. & Iron Mtn. Ry.* v. *Taylor,* 210 U. S. 281.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The recovery under the Employers' Liability Act in the trial court, affirmed by the intermediate and supreme court, was for the damage caused by the death of Mason through the negligence of the defendant company. 266

Illinois, 248. Two propositions are relied upon for reversal: first, a refusal to instruct a verdict on the ground that there was no evidence tending to show either negligence or that the company or the deceased at the time of the particular transaction from which the injury arose was engaged in interstate commerce, and second, a further refusal to instruct that a state statute limiting the amount of recovery was controlling although the suit was under the act of Congress. These contentions are Federal (*Seaboard Air Line* v. *Padgett*, 236 U. S. 668, 673; *Central Vermont Ry.* v. *White*, 238 U. S. 507, 509) and there is jurisdiction, as we do not find them wholly frivolous.

Overruling the motion to dismiss, we come to consider whether we should grant the motion to affirm, and for that purpose we must decide whether the propositions are so wanting in substance as not to require further argument. Rule 6, paragraph 5. We are of the opinion that as to both propositions an affirmative answer is required. We say this because as to the first it is apparent that there is no ground upon which to rest the assertion that there was no tendency of proof whatever on the subjects stated, but to the contrary the record makes it clear, and the arguments in support of the proposition demonstrate, that it alone involves a mere dispute concerning the weight of conflicting tendencies of proof. And the same conclusion is necessary as to the second, because in substance and effect the want of merit in that proposition has by necessary intendment been so conclusively established by the previous decisions of this court concerning the exclusive operation and effect of the Employers' Liability Act over the subject with which it deals as to exclude all ground for the contention which the proposition makes. *Second Employers' Liability Cases*, 223 U. S. 1, 53–55; *Mich. Cent. R. R.* v. *Vreeland*, 227 U. S. 59, 66–67; *St. Louis, Iron Mtn. & So. Ry.* v. *Craft*, 237 U. S. 648, 655.

*Affirmed.*