SEABOARD AIR LINE RAILWAY COMPANY, *Plaintiff in Error*, v. ROY C. HESS, *Defendant in Error*.

Opinion Filed February 24, 1917.

1. Special Rule 1 of the Rules of Circuit Courts in law actions, requiring the plaintiff in error at the time of presenting a bill of exceptions to the Judge of the Circuit Court to be made up and settled, and to present with such bill an assignment of errors specifically mentioning each point intended to be presented by such bill as grounds of reversal and that such assignment of errors shall be made a part of the bill of exceptions, is intended to provide a guide for making up the bill of exceptions, and if not actually incorporated in the bill of exceptions and made a part of it, such omission cannot be ground for striking the assignments of error based upon matter appearing in the bill of exceptions if the assignment of errors was actually presented to the Judge of the Circuit Court at the time of presenting to him the bill of exceptions to be made up and settled, and is filed in this court within three days after filing the copy of the record as provided in Section 1706 of the General Statutes.

2. A rule of court should be so construed to be in harmony with a statute if possible, and not so as to subordinate the statute to it.

3. A demurrer to a declaration in its entirety containing more than one count should be overruled if one count states a cause of action.

4. A declaration in an action against a railroad company for damages for personal injuries in which the allegations show that the injured person and his co-employee were together engaged in performing the work of their employer and that the plaintiff became injured while so engaged as the result of the other's negligence, carelessness or wantonness, states a cause of action.

5. In an action for damages for personal injuries, general allegations of the damages sustained which are the direct, natural and necessary result of the injury received, are sufficient.

6. The exclusive remedy for injuries received by railroad employees while engaged in interstate commerce is under the Federal Employers Liability Act.

7. In an action for damages for personal injuries against a railroad corporation, it is unnecessary for the defendant to plead the Federal Employers Liability Act to obtain the benefits of the provision that no action shall be maintained under it unless begun within two years from the day the cause of action accrued.

8. Where a railroad corporation is sued by an employee for damages for personal injuries sustained by such employee while engaged in interstate commerce, it is not harmful error for the trial court to refuse the defendant's motion for leave to file a plea setting up the fact that the injury occurred while the employee was engaged in interstate commerce and the action was not brought within two years from the day the injury occurred, provided the court permitted the defendant to introduce evidence tending to establish such facts.

9. An instruction which permits the jury to determine from the "evidence" a fact which is not in dispute and which is undenied and appears from the record in the case, and such fact is a material part of the defendant's defense, is erroneous and misleading and constitutes reversible error.

Writ of Error to Circuit Court for Alachua County; Jas. T. Wills, Judge.

Judgment reversed.

*Hampton & Hampton,* for Plaintiff in Error;

*W. S. Broome, A. V. Long* and *D. E. Knight,* for Defendant in Error.

ELLIS, J.—The defendant in error, Roy C. Hess, brought suit in the Circuit Court for Alachua County against the Seaboard Air Line Railway to recover dam-

ages for personal injuries alleged to have been inflicted upon him by the negligent act of the engineer on one of the defendant's locomotives in sounding the whistle of the locomotive at a time when the plaintiff who was employed as fireman on the locomotive was adjusting the whistle, which negligent act resulted, as it is alleged, in producing deafness in one of the plaintiff's ears. There was a verdict and judgment for the plaintiff below, and the defendant took a writ of error.

In making up the bill of exceptions the assignment of errors which Special Rule Number 1 requires to be presented to the Judge of the Circuit Court who tried the cause, as a guide for making up the bill of exceptions, and to be made a part thereof, was not incorporated in and made a part of it. Assignments of error numbered from three to eleven, inclusive, rest upon alleged errors which appear only by the bill of exceptions. The defendant in error moved to strike those assignments of error because the assignment of errors was not made a part of the bill of exceptions as required by Special Rule Number One. It is admitted that when the bill of exceptions was presented to the Judge to be made up and settled, an assignment of errors specifically mentioning each point which the plaintiff in error intended to present by the bill of exceptions as grounds for reversal, was presented to the Judge and a copy thereof served upon counsel for defendant in error with notice of the application for settling the bill of exceptions. A complete assignment of errors, including those presented to the Judge at the time of applying for the bill of exceptions, as well as those based upon matters apparent upon the record proper, was filed by the plaintiff in error, in the office of the Clerk of the Circuit Court, when it applied for a transcript of the record, and such assignment of errors is incorporated in the record.

Section 1706 of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, provides that "The plaintiff in error shall file in the appellate court his assignment of errors within three days after the filing of the copy of the record. If this be omitted except for good cause shown, the writ of error shall, on motion of the defendant in error, be dismissed, unless the court shall allow further time." This statute was complied with by the plaintiff in error, inasmuch as the complete assignment of errors is included in the transcript of the record. The reason for the rule requiring an assignment of errors to be presented to the Judge at the time application is made to him to make up and settle the bill of exceptions, is as the rule states, to provide a guide for making up the bill of exceptions. Otherwise the bill of exceptions may contain matters *in pais* upon which no assignment of error rests, and the record thereby be encumbered with surplus and unnecessary matter. If this guide has been supplied to the Judge and opposing counsel served with a copy of the assignment of errors as the rule directs, the full purpose of the rule has been accomplished. The provision requiring the assignment of errors to be made a part of the bill of exceptions, merely preserves the evidence of a compliance with the rule as to the making up and settling of the bill of exceptions which should present only those matters *in pais* upon which the plaintiff in error bases his assignment of errors. The cases cited by defendant in error in which this court has held that matters not of the record proper must be presented by a bill of exceptions or they will not be considered, are not applicable to the point here. Matters occurring at the trial which are not of the record proper, but merely *in pais*, are preserved only by the means of a bill of exceptions which when made up, settled and signed by the Judge and filed in the

office of the Clerk of the Court, and not until then, become a part of the record in the cause. Under the statute above quoted, the plaintiff in error may file his assignment of errors after the record in the cause has been made up and a transcript thereof certified to by the Clerk under the rules has been filed in this court. The motion of the defendant in error, therefore, strikes at this statute. If granted, the plaintiff in error would be deprived of his assignments of error based upon matters appearing in the bill of exceptions notwithstanding it has complied with the provisions of the statute. The statute would thus be subordinated to the rule which instead of facilitating the administration of justice would hamper and impede it. See Thomas Bros. Co. v. Price & Watson, 56 Fla. 694, 48 South. Rep. 17. The motion of the defendant in error is overruled.

The declaration alleges in substance that the defendant corporation is a common carrier and operates a line of railroad from Starke, in Bradford County, to Wannee in Alachua County, Florida; that plaintiff was an employee of the company, as fireman on one of the locomotive engines then being operated over the line of road; that while the engine upon which the plaintiff was employed as fireman was standing upon the track at Sampson City, a junction point on the line of road, it became necessary to adjust the whistle on the locomotive; that W. H. Porter who was in the service of the company as engineer instructed the plaintiff to go out upon the engine and adjust the whistle; that in obedience to that order he went out "on the top of said engine by the side of the dome" and while adjusting the whistle as directed by his superior, the latter, who had been warned not to blow the whistle while plaintiff was adjusting it, "carelessly and negligently" and "not regarding his duty in the prem-

ises," sounded two blasts upon the whistle, which gave the plaintiff a severe shock in his right ear whereby he has lost the sense of hearing in that ear and suffered great pain, etc.

The defendant demurred to the declaration upon the ground that it did not allege that the engineer was acting within the scope of his authority in sounding the whistle, nor that it was the duty of the engineer to sound the whistle at the time. That the declaration failed to allege any act of negligence on the part of the engineer for which his employer could be held, and that it failed to allege in what manner the plaintiff had sustained financial loss. This demurrer was overruled.

The defendant below by its counsel also moved the court to require the plaintiff to reform and amend the declaration, by setting forth the authority under which, and for what purpose, the engineer "blew the whistle," and by setting forth the amount paid for medicines and doctor's bills by plaintiff, and how he had sustained financial loss. This motion was overruled. The ruling of the court upon the demurrer and motion constitute the basis for the first and second assignments of error.

It is true the declaration shows that the engine upon which the alleged injury occurred was then and there being operated over the defendant's said line of road, and that the plaintiff was employed on it as fireman, and W. H. Porter as engineer. It also appears that the engine was "standing upon the track" at Sampson City. That is to say, while there were fires in its fire box and steam in its boiler, it was at the time of the injury idle in the sense that it was not actually in operation. If at this time, the engineer sounded the whistle, not because he was required by any rule of the company to do so prior to moving on, but in a spirit of wanton mischief to startle

the fireman, the defendant might not have to respond under the law to any resultant injury to the fireman. But it is alleged in the second count of the declaration, and the demurrer admits such allegations to be true, that while the engine was standing at Sampson City it became necessary in the operation of the engine to repair the whistle, that it was the plaintiff's duty to repair it upon being instructed so to do by the engineer, who gave such instruction to the plaintiff. From these allegations it appears that in repairing the whistle both engineer and fireman were about the employer's business, and one became injured as the result of the other's negligence, carelessness or wantonness. Upon this reading of the second count of the declaration, it is apparent that the authorities cited by counsel for plaintiff in error in support of the doctrine that a Master is responsible for the act of his servant only when the latter is acting within the scope of his employment, are in support of the court's ruling on the demurrer. The second count of the declaration meets the test of the Master's responsibility for the act of his servant, as laid down by the authorities cited in the brief of counsel for plaintiff in error. The test being whether the act was done in the prosecution of the Master's business. See 2 Labatt's Master & Servant, Sec. 537; 4 Wait's Actions & Defenses, 413; Garretzen v. Duenckel, 50 Mo. 104, 11 Am. Rep. 405. The rule is very generally followed that a Master is not liable for the acts of his servant performed by him without the scope of his employment solely for his own purpose, whether these purposes be malicious or merely sportive. See Note in 13 L. R. A. (N. S.) 193.

In the case of Medlin Milling Co. v. Boutwell, 104 Tex. 87, 133 S. W. Rep. 1042, 34 L. R. A. 109, injury occurred to the employee while other employees of the

corporation in sport were subjecting him to a process called "initiation." The court held that no liability of the corporation was shown, although it was shown that it was a custom among the officers and employees from the president down to indulge in such sport.

In the case of Soderlund v. Chicago, Milwaukee & St. Paul Railway Company, 102 Minn. 240, 113 N. W. Rep. 449, 13 L. R. A. (N. S.) 1193, the plaintiff, an employee, was injured by falling from a hand car which at the time was propelled by other employees at a high rate of speed thoughtlessly and in a spirit of fun. The hand car was provided by the company for the employees for the purpose of conveying them to and from their work. The court held the company liable for the injury resulting from the careless and negligent operation of the car. In this particular the second count of the declaration states a cause of action, and as the demurrer attacks the declaration in its entirety, it was properly overruled as to the first, second, third and fifth grounds.

As to the fourth ground of the demurrer, *viz,* that the declaration fails to allege how and in what manner the plaintiff sustained financial loss, we have to say that the allegations as to such loss are not required to be specific or possess a very high degree of certainty. A general allegation of the damages sustained which are the direct natural and necessary result of the injury seems to be sufficient upon the theory that the defendant is presumed to know the damages that directly and necessarily result from the negligence and consequently will not be taken by surprise when evidence of such damage is admitted. See Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933; Seaboard Air Line Ry. v. Moseley, 60 Fla. 186, 53 South. Rep. 718. The second count of the declaration alleges that as a result of the negligent act

of the engineer the plaintiff's hearing in the right ear has become permanently impaired, that he has suffered great pain, his health has been impaired and he is unable to pursue his business, and his earning capacity has been greatly reduced. Such damages seem to us to be the direct, natural and necessary result of the injury, and were alleged with sufficient particularity.

The declaration was filed February 1st, 1915. The praecipe was filed and the service of summons made on the defendant January 18th, 1915. The defendant pleaded to the declaration and the case went to trial. The injury was alleged to have occurred September 30th, 1912. When the case was called for trial January 12, 1916, the defendant moved the court for leave to file additional pleas setting up the defense that the defendant was engaged at the time of the injury in transporting interstate freight by the train on which the plaintiff was employed, and that more than two years had elapsed between the alleged injury and the institution of the suit.

This court has said that whenever a valid Federal regulation covers a subject within the sphere of the Federal law, it is paramount and the action must be brought within the time fixed by the statute. See Flanders v. Georgia Southern & F. R. Co., 68 Fla. 479, 67 South. Rep. 68. What was said by this court in the above cause as to the applicability of the Federal law on the subject of Employers Liability it is unnecessary to repeat here. It is sufficient to say that it was there held that the exclusive remedy for injuries received by railroad employees while engaged in interstate commerce is under the Federal Employers Liability Act. See Chicago, R. I. & P. Ry. Co. v. Devine, 239 U. S. 52, 36 Sup. Ct. Rep. 27; Chicago, R. I. & P. Ry. Co. v. Wright, 239 U. S. 548, 36

Sup. Ct. Rep. 185; Wabash R. R. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. Rep. 729.

Section 6 of the Federal Employers Liability Act provides that no action shall be maintained thereunder unless begun within two years from the date the cause of action accrued. See Shannon v. Boston & M. R. R., 77 N. H. 349, 92 Atl. Rep. 167. It is unnecessary to plead the act to obtain the benefit of it, because it is generally held that when neither the declaration nor the plea shows that the injury occurred while the employee was engaged in interstate commerce, yet if during the taking of evidence the fact develops, the Federal law controls the cause. Flanders v. Georgia Southern & F. R. Co., *supra*. It was not harmful error, therefore, to overrule the motion for leave to file the plea, if the court subsequently admitted evidence to show that the injured employee was in fact engaged in interstate commerce when he sustained the injury. This the court permitted the defendant to introduce evidence to establish. The court, however, erred in giving the following instruction, which is made the basis of the fifth assignment of error, *viz*: "The Court further instructs you that if you find that the plaintiff was injured, as alleged in the declaration, and that in the train at the time of the alleged injury there was a carload of cotton consigned from Alachua to Shelby, North Carolina, then the employee Hess was engaged in interstate commerce, and although you may find from the evidence that the company was guilty of negligence, yet if you find from the evidence that more than two years had elapsed from the time of the alleged injury to the time of the bringing of the suit, you should find a verdict for the defendant, the cause of action being barred under the Federal Employers Liability Act." In this instruction the court left to the jury a question of fact which was undenied. There

was no issue joined on the question of whether two years had elapsed between the day of the injury and the commencement of the suit. The declaration showed upon its face that such was the case, yet by this instruction the jury were told that it was a matter for them to determine from the evidence and there was no evidence before them, at least in the form of testimony which they may have understood was meant by evidence, as to when the suit was commenced. The court should have instructed them that two years had elapsed between the day of the injury and the commencement of the suit according to the allegations of the declaration and the return upon the summons and that there was no dispute between the parties on that point. We think that the instruction was misleading and harmful in that it denied to the defendant the right to have the jury informed that the time limit prescribed by the act for commencement of the suit had elapsed. For this error the judgment is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.