IN THE MATTER OF DOCKETING THE APPEAL IN J. NATHAN BRYAN, A. F. BASS, H. O. PARTIN, F. W. AMES, AND P. TOMASELLO, SR., AS THE BOARD OF COUNTY COMMISSIONERS OF OSCEOLA COUNTY, FLORIDA, *Petitioners*, v. THE STATE OF FLORIDA, *Respondents*.

Division A.

Opinion Filed October 25, 1927.

*Milton Pledger*, for Petitioners;

No appearance for Respondent.

Ellis, C. J.—A document purporting to be a certified copy of the proceedings in the Circuit Court for Osceola County relating to the validation of a certain bond issue was forwarded to the Clerk of this Court to be filed.

Rule 11 of the Supreme Court provides that in all civil cases, except *habeas corpus* cases, the plaintiff in error, or appellant, shall file in the Supreme Court, within the time required by law, a duly certified transcript of the record and two copies thereof each of which shall be clearly and legibly typewritten or printed in black ink and within the same time shall also serve the opposite party or his attorney with a typewritten or printed copy of the certified transcript, preserving in each of the said copies provided for the paging and order in the transcript. Said copies need not be certified. "Should the plaintiff in error or appellant fail to comply with the provision of this rule the cause shall be dismissed on motion of the defendant in error or appellee upon the production of a certificate from the clerk of the court below, or from the judge if it have no clerk, that a writ of error or appeal has been sued out in such court, or upon producing proof that no copy of the transcript has been served upon the opposite party, or that copies have not been filed as required. The Court may also of its own motion dismiss the cause for failure to comply with this rule; but for good cause shown the Court may allow further time to comply therewith."

An Act of the Legislature approved June 4, 1927, and known as House Bill No. 559 entitled "An Act to amend

Section 3298 of the Revised General Statutes of Florida, Relating to Hearing, Final Decree and Appeal in Proceedings to Validate Bonds,'' constitutes the appellant's authority for disregarding Rule 11 of the Supreme Court quoted above.

Sections 3296 to 3302, Revised General Statutes, prescribes the proceedings in the matter of the validation of municipal and county bonds. The law provided for the filing of a petition against the State of Florida in the Circuit Court of the County in which the bonds had been issued to determine the authority for incurring the bonded debt. It was provided that on filing and presenting the petition the court should issue an order against the State of Florida to show cause, at a time and place designated in the order, why the bonds should not be validated and confirmed. Prior to the hearing a notice to taxpayers and citizens of the county was required to be published in a newspaper requiring them, at the time and place specified in the order, to show cause, if any they had, why the bonds should not be validated. The law provided that by the publication of the notice all taxpayers and citizens of the county, municipality, taxing district or other political district, should be considered as parties defendant to the proceedings as if they had been named in the petition and served with process.

Section 3298 provided for the hearing, order, final decree and appeal. Provision was made for an appeal to the Supreme Court. No attempt was made to change the procedure which in all respects, except the time limit in which an appeal could be taken, remained the same as in other chancery cases.

The Act of 1927, *supra,* sought to amend Section 3298, Revised General Statutes, particularly in the matter of

court procedure as applied to this Court. After reducing the time for an appeal to fifteen days and limiting the return day of an appeal in such cases to twenty days the Act provides that on the return day of the appeal the appellant "shall file in the Supreme Court a certified copy of all of the said proceedings, including a transcript of all the evidence taken therein before the Court. Upon application of either party, such evidence shall be duly certified by the judge who heard said cause and entered the decree appealed from."

The Act further provides that: "The certified copy of all of said proceedings, as aforesaid duly filed in the Supreme Court shall constitute the record upon which said appeal shall be heard in the Supreme Court."

Provision is made that a brief by the appellant shall be filed in the Supreme Court within ten days after the return day of the appeal and a copy shall be delivered by him to appellee, or his attorney, who shall have five days thereafter to file his brief a copy of which he shall deliver to appellant, or his attorney, who may reply thereto within five days.

The Act then requires this Court to "proceed to consideration of said cause upon the record and briefs." It provides that if request is made by either party for oral argument the "Court may enter an order setting down said cause for oral argument for the earliest practicable date" and thereafter the "Supreme Court shall give immediate consideration to said appeal and render its decision thereon in due course."

There are provisions that the decision shall be final after ten days and mandate shall issue forthwith if no petition for rehearing be filed and that appeals in such cases shall take priority in this Court over "all other civil cases" pending except *habeas corpus* cases.

The purpose of the Act is very apparent. It was intended to secure a speedy and final determination by this Court of all appeals involving county or municipal bond issues.

Rule 11 of the Supreme Court, to which reference was made above, was intended to secure the identical end in all civil cases; appeals in bond validation cases included. That rule, like the statute, requires the filing in this Court of only one certified transcript of the record. But the rule also requires that the Court shall be supplied in addition thereto with two copies of the transcript; that they need not be certified copies, but they shall be copies either typewritten or printed, but each preserving the paging and order in the transcript.

This requirement of the rule makes for celerity in disposing of the business of this Court in civil cases and therefore harmonizes with the statutory purpose in that particular.

Should the Legislature seek to interfere with the inherent power of the Court to regulate the conduct of its own business and by statutory enactment undertake to prescribe rules conceived by it to be better adapted for the orderly, efficient, economical administration of justice, the effort would be a vain attempt to encroach upon the powers, duties and functions of a co-ordinate and co-eval branch of the government; for the power to make its own rules for the conduct of its business is inherent in the Court. It exists independent of statute. It is not absolute but subject to limitations based on reasonableness and conformity to constitutional and statutory provisions of general law. See Smith v. Guckenheimer, 42 Fla. 1, 27 South. Rep. 900; Goodwin v. Bickford, 20 Okla. 91, 93 Pac. Rep. 548, 129 Am. St. Rep. 729; Stevenson v. Mil-

waukee County, 140 Wis. 14, 121 N. W. Rep. 654, 17
Ann. Cas. 901.

But the Act does not attempt to interfere with the
Court's power in the matter of the making of reasonable
rules for the conduct of its business. There is nothing in
the language of the Act from which the inference may be
drawn that the Court should not require more than the
one copy of the transcript.

There is nothing unreasonable in the requirement of the
rule. Two, three or even four copies of a record can be
made without any considerable expense in excess of the
cost of the extra sheets of paper upon which the copies
are made as the certified copy and the others are made
at the same time and at the same stroke of the machine.

The rule is not in conflict with the statute, but on the
other hand harmonizes with it. A rule of Court should be
construed so as to be in harmony with the statute if pos-
sible. See Seaboard Air Line Ry. v. Hess, 73 Fla. 494,
74 South. Rep. 500.

The court is bound by the rules which must be construed
as statutes are construed. See Merchants' Nat. Bank of
Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685;
Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194.

Other provisions of the statute requiring this Court to
proceed to consideration of the cause upon the record and
briefs and to give immediate consideration to the appeal
do not constitute an effort on the part of the Legislature
to control the discretion of this Court in the matter of
the orderly and efficient transaction of its own business.
The causes will in obedience to the requirements of the
statute be given preference over other causes as the
statute directs, but the speed with which the Court will
dispose of such cases and the finality of its decisions in

such matters will be controlled by its own rules of procedure.

The record will not be filed until the appellant conforms to Rule 11, above referred to, in the matter of tendering two uncertified copies of the transcript preserving the paging and order of the certified copy.

So ordered.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.