JACKSONVILLE TERMINAL CO. v. EDGAR ALSTON.

152 So. 14.

Opinion Filed January 1, 1934.

Petition for Rehearing Denied January 25, 1934.

*Julian Hariridge,* for Plaintiff in Error;

*Evan Evans,* for Defendant in Error.

BUFORD, J.—This was a suit to recover damages for injuries received by an employee of the plaintiff in error while engaged in moving mail from a platform to a mail car for further transportation in interstate commerce. It is contended here that the judgment should be reversed because the suit was brought under. the statutes of the State of Florida, while the record shows that at the time plaintiff was injured he was employed by the defendant in interstate commerce and that the Federal Employers Liability Act controlled. · The declaration was entirely sufficient under the rule enunciated by this court in the case of Seaboard Air Line Railway Company v. Hess, 73 Fla. 494, 74 Sou. 500.

It is contended, however, that there is a fatal variance between the allegations of the declaration and the proof. It may be conceived to be true that there is a variance, but the record discloses no material variance and, therefore, no reversible error on this ground.

In S. A. L. Ry. Co. v. Hess, *supra,* we said:

"This Court has said that whenever a valid Federal regulation covers a subject within the sphere of the Federal law, it is paramount and the action must be brought within the time fixed by the statute. See Flanders v. Georgia Southern & F. R. Co., 68 Fla. 479, 67 South. Rep. 68. What was said by this Court in the above cause as to the applicability of the Federal law on the subject of employers liability it

is unnecessary to repeat here. It is sufficient to say that it was there held that the exclusive remedy for injuries received by railroad employees while engaged in interstate commerce is under the Federal Employers Liability Act. See Chicago R. I. & P. Ry. Co. v. Devine, 239 U. S. 52, 36 Sup. Ct. Rep. 27; Chicago R. I. & P. Ry. Co. v. Wright, 239 U. S. 548, 36 Sup. Ct. Rep. 185; Wabash R. R. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. Rep. 729.

"Section 6 of the Federal Employers Liability Act provides that no action shall be maintained thereunder unless begun within two years from the date the cause of action accrued. See Shannon v. Boston & M. R. R., 77 N. H. 349, 92 Atl. Rep. 167. It is unnecessary to plead the Act to obtain the benefit of it, because it is generally held that when neither the declaration nor the plea shows that the injury occurred while the employee was engaged in interstate commerce, yet if during the taking of evidence the fact develops, the Federal law controls the cause. Flanders v. Georgia South. & F. R. Co., *supra.* It was not harmful error, therefore, to overrule the motion for leave to file the plea, if the court subsequently admitted evidence to show that the injured employee was in fact engaged in interstate commerce when he sustained the injury. This the court permitted the defendant to introduce evidence to establish."

The only material distinction applicable to this cause between the State statute and the Federal Act is that assumption of risk is not recognized as a defense under the State statute while it is a defense under the Federal Act and, if established, constitutes a bar to recovery.

The trial court in this case evidently arrived at the conclusion that the plaintiff in the court below could only recover under the terms of the Federal Employers Liability Act, because the charges given by the court as disclosed by

the record were based upon the liability of the defendant under the Federal Act. For instance, the court charged as follows:

"If you believe from a preponderance of the evidence that the defendant has sustained any one of its pleas of assumption of risk, your verdict must be for the defendant."

And again the court charged:

"(8)  If you find from the evidence that plaintiff was employed by the defendant as a mail porter and had been so employed for a number of years, in and about the point where he was injured, and was familiar with the conditions existing, and with the use and operation of a certain electric tractor described in the declaration; that at the time of the injury to the plaintiff, this truck or tractor was backed up close to the defendant's mail platform, to permit the loading of mail thereon; that plaintiff voluntarily placed himself between the rear of the tractor and the platform and while in such position, directed the driver of the tractor to start the tractor, and that the driver by negligence or mistake moved the tractor backward instead of forward, and plaintiff was crushed between the tractor and the platform; and that the risk of injury in such case was obvious, then the court charges you that the plaintiff assumed the risk of such injury, and you must find the defendant not guilty.

"(11)  If you find from the evidence that plaintiff placed or permitted his leg to be between the rear of the mail truck and the platform at the time when the truck was put in motion by the operator, and that under the existing conditions at the time it was not necessary for the plaintiff to place himself or any part of his body between the rear of the tractor and the mail platform, and that the plaintiff knew, or should have known, that such action upon his part might cause him to be injured, and that he assumed the risk

of such injury, then the court charges you that you must find the defendant not guilty.

"That charge has been given, gentlemen, as amended by the court, and likewise this next charge which I read to you is given as amended by the court.

"(12) If you find from the evidence that the plaintiff knew, or by the exercise of ordinary care could have known, that it was not necessary for him to place himself or any part of his body between the rear of the tractor and the platform, and that the plaintiff knew or should have known that such action upon his part might cause him to be injured, then the court charges you that in so doing, if you believe from the evidence he did so, he assumed the risk of injury resulting as alleged in the declaration, and you must find the defendant not guilty."

The record shows that the defendant had every advantage of evidence and of charges which it could have had, had the declaration specifically laid the cause of action under the Federal Employers Liability Act and it, therefore, follows that if there was any variance between the allegations and proof the defendant was in no way prejudiced by such allegations and, therefore, such variance, if occurring at all, was harmless. The declaration did not allege that the injury occurred while the plaintiff was engaged in intrastate commerce. See Roberts, Federal Liabilities of Carriers, page 1189, 1190; Chicago & N. W. R. R. Co. v. Gray, 59 L. Ed. 1018; Chicago R. I. & P. R. R. Co. v. Wright, 239 U. S. 548; 60 Law Ed. 431; Grand Trunk Western Ry Co. v. Thrift Trust Co., 115 N. E. 685; Southern R. R. Co. v. Howerton, 182 Ind. 208, 105 N. E. 1025; Hogarty v. Philadelphia & R. R. Co. 245 Pa. 443, 91 Atl. 854; McIntosh v. St. Louis St. F. R. Co., 182 Mo. App. 288, 168 S. W. 821.

For the reasons stated, the judgment should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM. — Petition for rehearing has been filed herein which alleges that the Court failed to consider a number of questions which were presented by assignments of error.

The Court considered all the questions presented by assignments of error but it appeared that assignments of error not discussed in the opinion were without merit and constituted no ground for reversal and that the questions presented were not so unsettled as to warrant any discussion thereof in an opinion disposing of the case.

For these reasons, the petition for rehearing is denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.