CROSS, Judge
(dissenting) :
I respectfully dissent.
It is well settled that each party in litigation has the right to have the court instruct the jury as to the law applicable to the facts in evidence introduced under the issues made by the pleadings. The scope of an instruction to the jury is to be determined not alone by the pleadings therein, but also by the evidence in support of the issues. Even though an issue is raised by the pleadings, it is not proper to give an instruction thereon where there is no evidence submitted on which the jury could lawfully find other than for a particular party on that issue. Seaboard Air Line Ry. Co. v. Hess, 73 Fla. 494, 74 So. 500 (1917). It is the duty of the trial court to correctly identify before the jury the actual issues they are to resolve. Archibald v. Wittmer, 120 So.2d 236 (Fla.App.1960).
In the instant case, the issue of whether there was an agency relationship between Elaine Powers Figure Salon, Inc., and its Hollywood, Florida, franchise was raised by the pleadings. Evidence relevant to the agency issue was presented at trial. The trial court concluded from the evidence *743 that an agency relationship existed between the Elaine Powers Figure Salon, Inc., and the Elaine Powers franchise in Hollywood, Florida, as a matter of law. Therefore, the agency issue was not before the jury. Any instruction on agency, whether by Florida Standard Jury Instruction 3.3(b) or an agency instruction submitted by counsel would have clearly been improper.
It is difficult to fathom how the plaintiff could have been prejudiced by the trial court’s decision to take the agency issue away from the jury and refuse to give an instruction thereon when the agency issue was decided in favor of the plaintiff.
I would affirm the trial court’s refusal to instruct the jury on the issue of agency.