SMIEGIL, Appellant, vs. GREAT NORTHERN RAILWAY COMPANY, Respondent.

*December 7, 1916—January 16, 1917.*

*Master and servant: Injury to railway employee engaged in interstate commerce: Liability: Federal and state laws: Assumption of risk.*

1. The rights of a person injured while repairing cars used solely in interstate commerce are to be determined in accordance with the federal laws, not the laws of the state in which the action is brought or the state in which the accident occurred.
2. Under the federal laws, assumption of risk is still a defense to an action for such injuries; and under the evidence in this case the determination of the trial court that plaintiff assumed the risks incident to the employment is *held* not so clearly wrong as to justify this court in disturbing it.

APPEAL from a judgment of the circuit court for Douglas county: E. B. BELDEN, Judge. *Affirmed.*

Action for personal injuries. The case was tried before the court and a jury. The jury rendered a general verdict in favor of plaintiff. The verdict was set aside by the court and judgment notwithstanding the verdict entered in favor of the defendant dismissing the complaint.

It appears that on the 7th day of May, 1914, at Kelly Lake station in the state of Minnesota, plaintiff with a co-worker was engaged in repairing iron ore cars belonging to defendant and engaged solely in interstate commerce; that while

using a jack for the purpose of forcing and pressing back a steel sheet forming the side and bottom of one of said cars and while pressure was being applied by means of the jack to the sheet in question, the jack sprung out of place, causing the bar which was used to turn the jack to strike plaintiff with great force, resulting in serious injuries in and about his right shoulder. Plaintiff alleged that defendant was negligent in failing to furnish him with a safe place in which to work and in failing to furnish him with safe tools and appliances; that the work attempted to be done should not have been performed at any other place than in regular car shops and could not safely be done in the manner which the defendant required it to be done; and that the method adopted by the defendant in repairing the car was improper, unsafe, and dangerous. From a judgment in favor of the defendant plaintiff appeals.

For the appellant there was a brief by *Hanitch & Hartley* of Superior, and oral argument by *Clarence J. Hartley.*

*J. A. Murphy* of Superior, for the respondent.

ROSENBERRY, J. Plaintiff being at the time of the accident engaged in the repair of cars employed solely in interstate commerce, his rights must be determined in accordance with the laws of the United States, and not of this state, or of the state of Minnesota in which the accident occurred. Under the laws of the United States assumption of risk is still a defense to an action for personal injuries. Having under consideration the Safety Appliance Act, the supreme court of the United States has held:

"It seems to us that sec. 4, in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action. And, taking secs. 3 and 4 together, there is no doubt that Congress recognized the distinction between contributory negligence and assumption of risk. . . . The as-

sumption of risk, even though the risk be obvious, may be free from any suggestion of fault or negligence on the part of the employee. The risks may be present, notwithstanding the exercise of all reasonable care on his part. . . . And a workman of mature years is taken to assume risks of this sort, whether he is actually aware of them or not." *Seaboard A. L. R. Co. v. Horton,* 233 U. S. 492, 503, 504, 34 Sup. Ct. 635.

One of the grounds upon which the trial court granted defendant's motion for judgment notwithstanding the verdict was that in the opinion of the trial court the plaintiff assumed the risk. It must be remembered that the statutes of this state have no application to the case. It is the duty of this court to sustain the judgment of the trial court unless it can be said upon the whole record that the trial court was clearly wrong. Without attempting to state the evidence in detail, we will say that we have carefully examined it, and from that examination we are of the opinion that the trial court was justified in its determination that plaintiff assumed the risks incident to the employment; at least it cannot be said that the trial court was clearly wrong in so finding. The judgment of the trial court was therefore right and should be affirmed.

*By the Court.*—Judgment affirmed.

SIEBECKER, KERWIN, and ESCHWEILER, JJ., dissent.