HOVANECK, Appellant, vs. GREAT NORTHERN RAILWAY COMPANY, Respondent.

*April 24—May 15, 1917.*

Master and servant: Injury to railway employee: Federal statutes: Negligence of fellow-servant: Assumption of risks: Defective sledge hammer: Simple tool.

1. Under the federal statutes a railway employee engaged in interstate commerce may recover for personal injuries caused by the negligence of a fellow-servant, and does not assume the risk thereof. Whether or not the fellow-servant was theretofore incompetent and known by the employer to be so, is immaterial.

2. A complaint alleging that, while plaintiff was holding against a rivet head a chisel which a fellow-servant was striking with a sledge, a glancing blow struck the chisel from his hand and hurled it against his head, and that defendant was negligent in furnishing and allowing the use of the sledge, which was defective and out of repair in that its head was battered and chipped and its handle bent and crooked, but not showing that plaintiff had been engaged in such work for any appreciable time before the injury or that he had had any opportunity to examine the sledge or know of its condition, is *held* to state a cause of action. Under the circumstances stated the sledge cannot be said to have been a simple tool.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Reversed.*

The appeal is from an order sustaining defendant's demurrer to plaintiff's complaint.

The cause was submitted for the appellant on the brief of *W. P. Crawford* of Superior, and for the respondent on that of *J. A. Murphy* of Superior.

ESCHWEILER, J. It appears from the complaint that plaintiff was injured while employed by defendant in doing work involving interstate commerce. The plaintiff was holding a chisel against a rivet head on one of defendant's cars while a fellow employee was striking the chisel with a sledge. A glancing blow from the sledge struck the chisel from plaint-

iff's hand and hurled it against his head, severely injuring him.

A fair interpretation of the complaint warrants the construction that the pleader intended to charge at least three alleged grounds of negligence: (1) the carelessness and negligence of the fellow employee in the use of the sledge, whereby a glancing blow was struck on the side of the chisel; (2) that such employee was known to defendant to be incompetent, unfit, and inexperienced and thereby liable to cause injury; that such facts were unknown to plaintiff and that defendant was negligent in retaining such fellow employee in its service; (3) that the hammer furnished to and used by the fellow employee was, to the knowledge of defendant, not reasonably safe for the use. to which the same was put, but was defective and out of repair in that the striking head thereof was battered and portions of the same had been knocked out or chipped off, making it liable to slide off the chisel instead of striking it squarely when brought in contact therewith.    That the sledge was also defective in that the handle thereof was bent and crooked, making it liable to strike the chisel sideways, and that defendant was negligent in using and allowing such sledge to be used in said work.

The provisions of the United States Compiled Statutes of 1916 (35 U. S. Stats. at Large, 65, ch. 149, secs. 1, 4), under which this action is brought, and material in this case, are as follows:

Section 8657. "Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of the officers, agents, or employees of such carrier."

Section 8660. "In any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to . . . any of its employees,

such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury . . . of such employee."

The law is now settled, as has been held by this court as well as by the federal courts, that under these sections the common-law doctrine of nonliability for injuries arising from the negligence of fellow-servants has been abolished and that a liability does arise in favor of an injured employee under the situation specified in that which is described as the first of the above three alleged causes of action. And furthermore, that although under these sections what is known as the employee's assumption of risk is still existing (*Smiegil v. G. N. R. Co.* 165 Wis. 57, 160 N. W. 1057), yet that a liability arising from a fellow-servant's negligence is not one of the risks of the employment still assumed by the employee. *Sweet v. C. & N. W. R. Co.* 157 Wis. 400, 405, 147 N. W. 1054; *Graber v. D., S. S. & A. R. Co.* 159 Wis. 414, 422, 150 N. W. 489; *Central Vt. R. Co. v. White,* 238 U. S. 507, 510, 35 Sup. Ct. 865; *Chicago J. R. Co. v. King,* 169 Fed. 372, affirmed in 222 U. S. 222, 32 Sup. Ct. 79; *Devine v. C., R. I. & P. R. Co.* 266 Ill. 248, 107 N. E. 595, affirmed in *Chicago, R. I. & P. R. Co. v. Devine,* 239 U. S. 52, 36 Sup. Ct. 27; *Pedersen v. D., L. & W. R. Co.* 229 U. S. 146, 149, 33 Sup. Ct. 648; *Carter v. K. C. S. R. Co.* (Tex. Civ. App.) 155 S. W. 638.

This merges, therefore, the second alleged cause of action with the first and renders any consideration of it unnecessary, for it is manifest that, if plaintiff is entitled to recover where his injury resulted in whole or in part from the negligence of a fellow-servant, it becomes immaterial whether such fellow employee was theretofore incompetent and known to be such by the defendant.

We cannot assume from the language of the complaint that the plaintiff had been engaged for any appreciable length of

time before the injury in the particular work in which this sledge was being used, or that plaintiff had any opportunity himself to examine the same or know of its condition so as to charge him with knowledge of the method in which the work was done and the dangers incident thereto. *Gila Valley, G. & N. R. Co. v. Hall,* 232 U. S. 94, 101, 34 Sup. Ct. 229.

The situation, therefore, is not the same as in many of the cases relied upon by defendant of the master furnishing to the servant for his own use tools like the sledge in this case. If, therefore, the facts shall show that this hammer, owing to its condition, was a defective and unsafe tool to be used in the work at which plaintiff was then employed and that the injury resulted therefrom, there may be sufficient to predicate liability against the defendant for the resulting injury under the rule laid down by this court in the case of *Ruck v. C., M. & St. P. R. Co.* 153 Wis. 158, 168, 140 N. W. 1074.

We are satisfied, therefore, that upon the face of the complaint there appear sufficient facts alleged to withstand the demurrer and that the court below was in error in sustaining it.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.