Doberstein v. Dahl, 181 Wis. 491.

---

DOBERSTEIN, Appellant, vs. DAHL, Respondent.

*September 21—October 16, 1923.*

*Sheriffs: Ineligibility to succeed themselves: When special election necessary: Who determines: Intruders.*

1. Where at a general election held on November 13th, plaintiff, a candidate to succeed himself as sheriff, received a majority of the votes, but at the same election a majority of the votes cast in the entire state were against the adoption of a proposed amendment to the constitution to thereafter permit sheriffs to succeed themselves, there was a failure to elect a sheriff within sec. 7.02, Stats., and such failure was intended to be supplied by a special election as provided in that section and secs. 7.04 and 7.05. The county clerk, as an administrative officer, was therefore justified in refraining from issuing to plaintiff a certificate of election and in giving notice on November 14th of the special election.

2. The onus of determining whether a particular situation demands a special election within secs. 7.02, 7.04, and 7.05, Stats., must necessarily rest in administrative officers charged

with the duty of giving the electors timely notice of such an election; and such action is not open to objection as being a determination of a question of title to office more properly decided by the judicial branch of the government, since the holding of such a special election would not bar the claimant of an office or any one else from successfully challenging another's assertion of right to an office by reason of such special election, if it ought not to have been held.

3. Where, as a result of an unchallenged special election under secs. 7.02, 7.04, and 7.05, Stats., defendant obtained a formal certificate of election as sheriff to succeed plaintiff, it is *held* that, as against the plaintiff claiming the office until his successor was duly appointed, defendant had, on the first of the year when a new term of office began, the better color of title as well as better title to the office, and, on coming peaceably into possession of the sheriff's office and of the keys to the county jail, was not a mere intruder.

APPEAL from a judgment of the circuit court for Marinette county: OSCAR M. FRITZ, Judge. *Affirmed.*

The plaintiff was duly elected sheriff of Marinette county in November, 1920. At the general election of November, 1922, he was a candidate to succeed himself. He received 3,464 votes as against the next highest opposing candidate with 2,894 votes. A certificate was signed on November 13th by the board of canvassers, including the county clerk; the latter, however, issued no certificate of election to plaintiff. On November 14th the same county clerk gave notice of holding a special election for December 23, 1923, for the declared purpose of electing an officer as follows:

"A sheriff in place of *John H. Doberstein*, whose term of office will expire on the first Monday of January, A. D. 1923, and which office will be vacant on the first Monday of January, 1923, for the reason that there was a failure to choose a sheriff at the last general election held in Marinette county, and that the right of office of *John H. Doberstein*, elected sheriff at the said last general election, shall cease before the commencement of the term of office for which he was elected."

At such special election on December 23d the defendant received a majority of the votes cast, and the vote was

canvassed and a certificate by the county clerk in the usual and due form was issued to said defendant as being the candidate elected at such special election.

At the general election in November, 1922, a majority of the votes cast were against the adoption of a proposed amendment to the Wisconsin constitution to thereafter permit, as it theretofore prohibited, sheriffs succeeding themselves.

On January 5, 1923, plaintiff commenced this action to have decreed that the defendant is a usurper of said office of sheriff; that the said special election be held void; and that the plaintiff be entitled to discharge the duties of sheriff until a successor, duly appointed by the governor under his power to appoint to fill a vacancy, qualify and accept; and for a temporary injunction protecting him in the exercise of the duties of sheriff and in possession of the said premises until a determination of said cause.

The defendant asserted his right to said office by virtue of the said election of December 23d and prayed that he be declared to be the elected and qualified sheriff of said county.

The finding of the court upon such evidence states the facts regarding the taking of possession to be as follows:

"That on the 1st day of January, 1923, the defendant duly demanded from the plaintiff that he turn over to him the said office of sheriff together with all the books, papers, records, and other matters pertaining thereto; that the plaintiff refused so to do; that thereupon this defendant peaceably entered the county jail of Marinette county and took possession of said jail and of the said office of sheriff, without force and without threats or violence of any kind or any disturbance of the public peace, and immediately began to exercise all the duties of said office of sheriff, and ever since has been and still is performing all the duties of said office of sheriff; that defendant's entry into said jail was made by the defendant, accompanied, at his request, by Al Holquist, whom he had appointed as deputy sheriff, and Emmet Butts, who had served as undersheriff during prior terms of office, entering an unlocked cellar door of said

jail during the temporary absence of the plaintiff from the premises, and then passing through corridors to the interior of the cell room and sheriff's office in said jail; that in said office defendant took possession of a number of keys for the locks in said jail with the exception of the lock to the main door of the cell room; that upon the return of the plaintiff to the jail, he, the plaintiff, inserted the key to said cell-room door in the lock, removed his hand therefrom, and as he was about to open said door the defendant, without force, violence, or threat, took possession and has since been in possession of said key."

The court directed judgment declaring that the defendant was the duly elected and qualified sheriff of Marinette county for the term beginning January 1, 1923, and requiring the plaintiff to deliver all official property and things which came into his possession or control as sheriff to the defendant, and restraining plaintiff from interfering in any way with the defendant in the performance of official duties as such sheriff. From such judgment the plaintiff has appealed.

For the appellant there was a brief by *Richard P. Murray,* attorney, and *Michael J. Doyle,* of counsel, both of Menominee, Michigan, and oral argument by *Mr. Doyle.*

For the respondent there was a brief by *Miller & Miller* of Marinette, and oral argument by *John O. Miller.*

Eschweiler, J.    Considerable stress in argument is laid by appellant's counsel upon the manner of and method used in obtaining possession of the county jail and keys by the defendant.

While we are not inclined to commend the method of testing title to office by struggles for possession, yet the evidence in this case supports the finding of the trial court that the defendant, with a certificate of election to the office, came into peaceable possession of the sheriff's office and of the keys, and we cannot disturb such finding or prejudice defendant's rights by reason thereof.

We are satisfied that the trial court correctly ruled that the county clerk as an administrative officer was justified in his conclusions to refrain from issuing to plaintiff a certificate of election upon the result of the general election and also that the mandate of the statute required him to give the notice for the special election.

At the time of the giving of such notice on November 14th the fact was generally known, although the vote had not yet been officially canvassed or declared, that such proposed amendment had been defeated. The voters therefore had, practically at least, failed to elect a person who could lawfully succeed the plaintiff as sheriff on January 1, 1923, he, the plaintiff, being by the constitution still disqualified from so succeeding himself.

The statute, so far as material here, under which the county clerk acted, reads as follows:

"7.02 *Special elections in particular cases.* Special elections in addition to those authorized by section 7.01 [which provides for elections to fill certain vacancies] may be held in the following cases:

"(1) When there shall have been neglect or failure to choose, (a), at a general election . . . any county officer, who by law should have been chosen at such election, . . .

"(2) When the right of office of a person elected to either of the offices mentioned in paragraph (1) shall cease before the commencement of the term of office for which he shall have been elected."

The county clerk is required by sec. 7.04, Stats., to order all special elections for county officers except as to county clerk, and the officer ordering such election shall give notice in the manner provided in sec. 7.05, Stats., specifying the office to be filled, when the vacancy occurred, the name of the officer, the time when his term of office will expire, etc. Sub. (2), sec. 7.04.

It is strongly urged that such action on the part of the county clerk, an administrative officer, is in effect a determination by him of questions relating to the holding of of-

fice and the title of respective claimants to such offices and that such questions more properly belong to the judicial branch of the government. The legislature, however, has the power to provide for such situations, and there must necessarily rest in administrative officers charged with the duty of giving the electors timely notice of such an election the onus of determining whether a particular situation is within the call of the statute. That he must in many instances determine such questions at his peril in no wise alters or lessens his duty or responsibility. *Reichert v. Milwaukee Co.* 159 Wis. 25, 36, 150 N. W. 401; *State ex rel. Kleist v. Donald,* 164 Wis. 545, 556, 160 N. W. 1067. The holding of such special election would not have foreclosed the plaintiff or any one from successfully challenging the defendant's assertion of right by reason of such special election if such election ought not to have been held. We think a fair interpretation of this section requires us to hold that there was such a failure to elect a sheriff and that such failure was intended to be supplied by a special election rather than by an appointment as though a vacancy had occurred, the plaintiff holding over after January 1, 1923.

The record here, negatively at least, discloses that neither plaintiff nor any one else, between November 14th, when the notice was issued, and December 23d, when the special election was held, in any wise challenged in the courts the validity of such notice or the legality of such proposed special election, as he or they might have done. *State ex rel. Kleist v. Donald,* 164 Wis. 545, 556, 160 N. W. 1057.

As a result of such unchallenged special election the defendant obtained a formal certificate of election as sheriff to succeed the plaintiff, whose ineligibility to succeed himself remained as before by constitutional inhibition. As between the two, defendant had on January 1, 1923, the better color of title as well as better title to the office of sheriff and was no mere intruder.

*By the Court.*—Judgment affirmed.